## KNOX *et al.* *v.* COLUMBIA LIBERTY IRON CO.

*(Circuit Court, W. D. Virginia. July 19, 1889.)*

1. REHEARING—FINAL DECREE.
    Where a decree declaring the lien of certain labor and supply claims to be superior to that of mortgage bondholders was founded upon Acts Va. March 21, 1877, and April 2, 1879, which were in contravention of the common law, and which have since been declared unconstitutional by the court of appeals of Virginia, (*Fidelity Ins., etc., Co.* v. *Shenandoah Val. R. Co.*, 9 S. E. Rep. 759,) a rehearing will be granted, when it appears that no final decree has been entered.

2. SAME—BILL OF REVIEW.
    The existence of the above facts presents a question of error on the face of the record, and where a final decree has been entered the petition for rehearing will be treated as a bill of review.

3. FINAL DECREE.
    A decree of sale entered by consent of parties pending a reference to settle the receiver's accounts, while the priority of certain liens claimed were undetermined, and before any distribution was ordered among ante-receivership creditors, was not a final decree.

In Equity. On petition for rehearing.

*G. R. Calvert* and *E. S. Conrad*, for petitioners.

*H. C. Allen* and *J. E. Roller*, for labor, supply, and other creditors.

PAUL, J. The bill in this case was filed June 10, 1886, praying the appointment of a receiver who should continue and operate the business of the defendant, subject to a mortgage executed November 1, 1884, to secure the payment of certain bonds of the company which, the petitioners allege, were issued for the purchase price of the property in the bill mentioned. On June 10, 1886, receivers were appointed. On October 14, 1886, the cause was referred to a master to ascertain and report, in their order of priorities, the debts against said company. After a number of reports, exceptions thereto, and recommittals, the court, by de-

crees of September 8, 1887, and October 14, 1887, confirmed the master's reports filed August 13, 1887, and September 24, 1887, overruled the exceptions filed by the bondholders to said reports, and by consent of parties entered a decree of sale. In the master's reports, as confirmed, priority is given to certain labor and supply claims, contracted by the company before the appointment of the receivers, over the bonds secured by the mortgage. This priority was, in accordance with the provisions of two acts of the general assembly of Virginia, approved, respectively, March 21,.1877, and April 2, 1879. Since the entry of the decrees of September 8 and October 14, 1887, in this cause, the Virginia Statutes giving labor and supply claims a priority over the liens of the mortgage bondholders have, as to supply claims against railroad corporations, been declared by the court of appeals of Virginia to be unconstitutional, as in violation of article 5, § 15, of the constitution of Virginia. *Fidelity Ins., etc., Co.* v. *Shenandoah Val. R. Co.,* 9 S. E. Rep. 759. And this court has also, after full argument, in *Fidelity Ins., etc., Co.* v. *Shenandoah Iron Co., ante,* 372, decided the act of April 2, 1879, to be unconstitutional as to both labor and supply claims against mining corporations. It is in view of these decisions that these petitioners ask leave to file their petition to have this cause reheard, and the decrees of September 8 and October 14, 1887, reviewed and reversed.

Objection to the filing of the petition is made by counsel of the holders of labor and supply claims on the ground that the decree of sale entered October 14, 1887, under which decree a sale was made, and which sale has been confirmed, was a final decree, and that, under the provisions of rule 88, equity practice, a petition for a rehearing cannot be filed. If the decree of sale is to be regarded as a final decree, this position is correct. But is it a final decree? As clear a definition of a final decree as I have found is given in *Scott* v. *Hore,* 1 Hughes, (U. S.) 163–168. In that case, HUGHES, J. says:

"A final decree is one which fully adjudicates the questions of right and law involved in a cause, and proceeds to provide with reasonable completeness for the execution of such measures as may be necessary and proper for placing successful suitors in possession of the rights decreed to them."

In the cause in hearing, the legal rights of all the suitors have not been adjudicated. There are pending and undetermined at least two petitions of creditors who claim that their debts are, under the Virginia statute, of superior dignity to the lien of the mortgage bondholders; and there is nothing in the proceedings in this cause barring their right to assert their claims. The decree confirming the sale of the property refers the cause to a master to settle the accounts of Jacob Whissler, the receiver in the cause. No order for distribution of the proceeds has been made except as to the cash payment, out of which the receiver is directed to pay the costs of suit and sale, and a portion of the debts contracted during the receivership. No decree has been entered for distribution among the ante-receivership creditors. The fund is under the control of the court. The special receiver is directed to collect the deferred payments, and hold the fund subject to the future order of the court. No final

order can be entered for a distribution of the fund until the rights of all the claimants thereto are heard and determined. Under this condition of the record, the court is of opinion that no final decree has been entered in the cause, and that all the orders and decrees entered are interlocutory.

But, if it could be conceded that the decrees of September 8, and of October 14, 1887, are final decrees, the court is of opinion that the petition can be treated as, and in fact is, a bill of review for errors apparent on the face of the record, and might be filed as such. The recent decisions referred to as deciding that the statute giving labor and supply claims the priority over the lien of the mortgage bondholder is unconstitutional clearly present a question of error on the face of the record.

Another question arising upon the record, and one not heretofore argued before this court, is the question of the vendor's lien claimed by the mortgage bondholders upon the furnace property, and that the provisions of the Virginia statute, giving priority to labor and supply claims cannot impair the security given by a vendor's lien for purchase money. If the court should refuse to allow the filing of the paper offered as a petition for a rehearing, it could certainly be filed as a bill of review, and the same questions would come before the court that are now presented if considered as a petition to rehear. The limitation for filing a bill of review has been fixed at two years, by analogy to the time allowed for an appeal. *Ensminger* v. *Powers*, 108 U. S. 292, 2 Sup. Ct. Rep. 643; *Clark* v. *Killian*, 103 U. S. 766.

The proceedings in this case are all interlocutory. The lien of the labor and supply creditors exists, if at all, under a special statute at variance with the common law, and upon the validity of which the court must, directly or by implication, pass, in the final decree. Since the rendition of the decrees complained of, the highest state court has declared the statute upon which the lien rests, or out of which it arises, to be invalid because unconstitutional, and federal courts will judicially notice and accept such decision. *Town of South Ottawa* v. *Perkins*, 94 U. S. 264; *State Railroad Tax Cases*, 92 U. S. 575; *Randall* v. *Brigham*, 7 Wall. 523. In this stage of this case, the question of the constitutionality of the state statute being squarely raised in the paper, leave to file which is asked, whether treated as a simple petition to rehear, or as a bill of review, the court, being unable to find anything in the interlocutory proceedings heretofore had which should compel it, in the final decree to be hereafter rendered, to withhold the fund from those entitled, or to give it to those who are not entitled, will consider the constitutional question. The petition to rehear will be filed, and an order entered awarding process requiring the proper parties to answer it.