SMITH v. McINTYRE et al.

(Circuit Court, N. D. Ohio, W. D. November 20, 1897.)

No. 1,257.

1. COURTS—FINAL RECORD—FOLLOWING STATE PRACTICE—RULES.
   In an action at law, brought in a United States circuit court, in Ohio, against some 40 defendants, plaintiff moved for an order dispensing with or remodeling certain records, and modifying the requirements as to papers on writ of error. *Held*, that what constitutes the final record in the circuit court is a matter regulated by the statutes of Ohio, which the court cannot change, and by the rules of the circuit court heretofore established.

2. APPEAL AND ERROR—TRANSCRIPT—RULES—FINAL RECORD.
   What shall constitute the transcript upon which a case may be carried to the circuit court of appeals is a matter regulated by the acts of congress and the rules and regulations of that court, which the court below has no power to change, and it cannot overhaul the record, after final determination, and, without consent of both parties, remodel it, for the convenience of the plaintiff in error, or to save him expense.

This was an action at law by A. Lee Smith against John H. McIntyre and numerous others to recover possession of certain lands.

Hurd, Brumback & Thatcher, for complainant.
Potter & Emery and Swayne, Hayes & Tyler, for defendants.

HAMMOND, J. This is a motion by the plaintiff asking an order to dispense with recording upon the journal and record all the answers filed herein, except one, to be selected by the defendants; also that the clerk be directed to send the original bill of exceptions to the circuit court of appeals, instead of a copy, and, alternatively, that he be directed to send the original answers filed in the case, without transcription into the certified copy of the record which is to be sent to the circuit court of appeals. This seems to us a somewhat anomalous procedure. It does not yet appear that there has been any writ of error sued to the circuit court of appeals, or that any writ of error has been perfected in the ordinary course of such procedure. The plaintiff files, along with his motion, the correspondence between his attorneys and the presiding judge of the circuit court of appeals, in which that learned judge points out to the plaintiff the impossibility of securing, by order of that court, any relief by the abbreviation of the record in the matters referred to; and also to efforts that have been made to secure, by legislation, an amelioration of the heavy costs of appellate proceedings under the law and rules and regulations as they now exist, and in which is also suggested that a part of the relief asked for might be secured by some order of this court for the abbreviation of the record. Upon a careful consideration of this subject, we are constrained to hold that legislation is the only proper remedy, even in its application to the making up of the records of this court. The parties make the record in all courts, and not the court. The parties are responsible for any enormities in respect of the length of the record, and not the court. Neither are the officers of the court, who must perform the duties required of them by the parties, in any sense responsible

84 F.—46

for the enormities of practice that have grown up in respect of records. It is the duty of the parties to consider the question of the kind of record they will make, and the probable cost of their litigation, when they commence the suits, and as they progress through them. The rules of practice provide ample remedies for excluding from the record any irrelevant matter, if attention is given to it at the time when it is introduced into the proceedings. For example, oftentimes the testimony of one or two witnesses would be ample to sustain a fact, and yet the parties will go to the enormous expense of sometimes introducing from 20 to 25 or more witnesses, or perhaps a lesser number, and no attention is paid at the time to the cost of such a proceeding. And so it is, with a reckless disregard of all questions of costs, papers and documents that might just as well be left out are filed, and made part of the record, and it is not until the costs come to be paid, or have to be provided for, and after the work is done, that any attention is paid to the question of lessening the costs of litigation. Take this case for example: Here were 80 acres of land, upon which a village had been built; claimed by the plaintiff in this case to be his. His right to it very clearly depended upon the construction of a will, which is written upon probably one page of a sheet of paper. By bringing one suit against one of the tenants, the construction of the will might have been settled, and the other suits deferred until that had been settled; or, if brought separately because of statute of limitations or other reason, have a test case made, and let the others lie over. If it were decided against the plaintiff ultimately and finally, he need not have brought or proceeded further with the suits against the other tenants of the property, and this would seem to have been a wise way to have conducted such a litigation. But, instead of this, the plaintiff inconsiderately brought one suit against all the tenants, called them all in with process, and required them to answer; and, without any effort to abbreviate the ordinary progress of such a proceeding, waits until the transcript comes to be made up for the court of appeals to go back over the proceeding, and asks to have the record abbreviated and reconstructed for his benefit. It does not seem to us that any party to the litigation has a right to demand much consideration from a court under such circumstances. More than this, the court of original cognizance does not technically, and is not required technically, to proceed with any reference whatever to any appeals or writs of error that may be taken from its judgments in the matter of making up its record. The record in this case is the record of this court, and is made with reference to the rights of the parties in respect of this court, and not in respect of any other court, or any other proceedings.

Now, the purpose of all the law, both common and statutory, in regard to the enrollment of the final record, proceeds upon the rights of the parties to perpetuate the testimony of that which was done; and it has no other foundation or reason for existence than that. In olden times it was required to be enrolled and kept upon parchment, as the most imperishable method of preserving the evidences of the litigation. What shall constitute the final record in

this case, to be kept here for the preservation of the testimony so far as it relates to the evidences of the title of the parties interested in this ejectment suit, is a matter regulated by law, and, as we understand it, by statute in Ohio, to which we conform in the practice of this court. That which belongs to the record, and is required to be enrolled as such, is regulated by statute, and we do not see that we have any power to alter or change it. The parties may, by their consent and agreement, possibly do this; but in this case the defendants decline to make any agreement to accommodate this matter. The answers in this case are numerous, but they are numerous because the plaintiff called in numerous parties to litigate with him. He proposes, possibly, to take a writ of error against each and every one of these defendants, and he asks us now to compel these defendants, in the appellate tribunal, to have their rights decided upon somebody else's answer, which we are asked to require them to adopt. We do not feel that we have the power to do this. What shall constitute the record of the appellate tribunal is a matter wholly within the control of the appellate tribunal itself, and not of this court, as has been well pointed out to the plaintiff by the presiding judge of that court. We cannot now, as we understand it, overhaul this record, and discard so much of it as the plaintiff may think immaterial and irrelevant, and compel the defendant to accept the plaintiff's judgment as to what is material and relevant to go into the record. We do not see that we have any more power than the appellate tribunal has to compel the clerk to send up the original papers in the case in lieu of a transcript thereof.

We have suggested to the defendant's counsel that he might very well agree to copy into the transcript to be sent to the appellate tribunal only one of these answers, with a following memorandum, showing any distinctive differences that there might be in the other forty; but he declines to agree to any such order and reconstruction of the record for the benefit of the plaintiff, and to facilitate his writ of error. We do not see how the original papers can be sent to the court of appeals, without consent of parties, by any order that we can make. If that court chooses to direct that it shall receive the original papers instead of the certified copies, possibly it might be accomplished in that way; but, as we understand from the language of the presiding judge, that court does not feel authorized to so change the statutes and the rules of practice without legislation. Certainly we have no more power to send up the original papers than that court has. It therefore comes to this:

First. That which constitutes the final record in this court is a matter regulated by the statutes of Ohio, which we cannot change, and by the rules of this court heretofore established.

Second. What shall constitute the transcript upon which the case may be taken to the appellate tribunal is a matter regulated by the acts of congress and the rules and regulations of that court, which we have no power to change.

Third. We cannot overhaul the record that has already been made by the parties, after the case has been finally determined, and, without the consent of both of them, remodel that record for the purpose

of abbreviating it for the convenience of, and lessening the expense to, him who desires to take the case to another tribunal.

I am authorized by Judge RICKS, who sat with me, and heard this motion, to say that he concurs in the conclusions that have been reached. The motion is therefore denied.