CITY OF ANNISTON v. SAFE-DEPOSIT & TRUST CO. OF BALTIMORE.

(Circuit Court of Appeals, Fifth Circuit.  February 1, 1898.)

No. 612.

1. CODE PLEADING—DEMURRER—WAIVER.
  Under the Alabama Code, when a complaint is amended after the overruling of a demurrer thereto, a failure to refile the demurrer is a waiver thereof, so that no advantage can be taken of it on appeal.

2. APPEAL—ASSIGNMENTS OF ERROR.
  Where a demurrer based on several different grounds is overruled, a mere general assignment that the court erred in overruling the demurrer, without specifying any particular ground of demurrer as wrongly ruled, is not sufficiently specific.

In Error to the Circuit Court of the United States for the Northern District of Alabama.

This was an action at law by the Safe-Deposit & Trust Company of Baltimore against the city of Anniston to recover on interest coupons of municipal bonds.  There was judgment for plaintiff in the court below, and the defendant sued out this writ of error.

John Pelham and Thomas W. Coleman, for plaintiff in error.

J. J. Willett, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PER CURIAM.  The question sought to be presented in this case is one of pleading under the Alabama Code.  The plaintiff below filed a shorthand complaint to recover on 147 past-due coupons for semiannual interest on bonded indebtedness of the city of Anniston. To this complaint the defendant demurred on nine different grounds, principally complaining of misjoinder and general want of description of the instruments sued on.  This demurrer was overruled, and thereupon the plaintiff took leave to amend by the addition of a second count, which was a declaration on 225 other coupons, for which judgment was also claimed against the city of Anniston.  Without refiling the demurrer to the complaint, the defendant pleaded the general issue.  On the trial there was no defense offered, and a judgment for the plaintiff was entered on full proof and without opposition.  The error assigned and relied on in this court is that the trial court erred in overruling the defendant's demurrer, the assignment not specifying any particular cause of demurrer as wrongly ruled.  The demurrer was properly overruled.  It was waived because not refiled after amendment to the complaint, and by pleading over without objection reserved.  The assignment of error is not sufficiently specific to be in accordance with our rule 11, and an inspection of the record fails to show any meritorious defense to the action.  The judgment of the circuit court is affirmed.