BURNHAM et al. v. NORTH CHICAGO ST. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. May 13, 1898.)

No. 470.

1. WRIT OF ERROR—COPY IN TRANSCRIPT—JURISDICTION.

Where a writ of error was duly issued and filed by the clerk of the circuit court, but no notation of its filing made, and by mistake a copy was attached to the transcript instead of the original, on production of the original, with the citation, and acknowledgment of service thereon, both certified by the clerk, they may be made or recognized as part of the record, or the want of a seal upon the copy may be supplied by an impression of the seal of the appellate court.

2. SAME—WHEN JURISDICTION ATTACHES.

The jurisdiction of the court of appeals attaches upon the filing of the writ of error in the office of the clerk of the circuit court, and is not defeated by irregularity in the transcript or in its certification.

3. APPEAL AND ERROR—TRANSCRIPT—SUPPLYING OMISSION.

Where a necessary part of the record has been omitted from the transcript, and is subsequently presented, duly certified, to the court of appeals, it may be made a part of the record by direct order, without writ of certiorari.

4. SAME—IRRELEVANT PAPERS—PRÆCIPE.

Irrelevant papers or proceedings need not be included in the transcript, and it is proper for the clerk to require of counsel for appellant or plaintiff in error a præcipe stating what the transcript shall contain, to attach a copy of such præcipe to the transcript, and certify that the transcript is full and correct according to the præcipe.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

John A. Rose, for plaintiffs in error.

A. D. Wheeler, for defendant in error.

Before WOODS and SHOWALTER, Circuit Judges, and BUNN, District Judge.

WOODS, Circuit Judge. The motion to dismiss is on the ground that this court is without jurisdiction—first, because the supposed writ of error issued herein has never been filed in the circuit court; second, because no return has been made by the clerk of the circuit court to the supposed writ of error; third, because the supposed writ of error did not issue under the seal of any court; fourth, because the clerk of the circuit court, to the judges of which the supposed writ was directed, has never made return to the writ by returning with the same to this court an authenticated transcript of the record of the cause; fifth, because there is no authenticated transcript of the record of the cause filed in this court, and nothing which purports to be such record or a transcript thereof. In support of the motion is offered a certified copy of docket entries, showing the taxation of costs in the case, including the filing of the petition for and the issuing, but not including the filing, of the writ of error. In answer to the motion it is satisfactorily shown that a writ of error in proper form was duly issued by the clerk of the circuit court under the seal of that court, and that the writ, with a copy thereof for the defendant in error,

was returned to the clerk for filing, and was by him placed on file in the case, but without any notation of the filing, and remained on file until by mistake it was delivered to the attorney for the defendant in error, the copy intended for that use being attached to the transcript and transmitted to this court. The original writ, which afterwards was returned to the clerk, and the citation, with an acknowledgment of service indorsed thereon, both certified by the clerk, the plaintiffs in error have produced here, and have moved that they be made or recognized as a part of the record; and have also moved, under section 1005 of the Revised Statutes of the United States, that the writ of error sent up with the transcript be sealed with the seal of this court.

The objections urged to the jurisdiction of this court are not essentially new, and in none of them is there tenable ground for the denial of jurisdiction. Mussina v. Cavazos, 6 Wall. 355; Redfield v. Parks, 130 U. S. 623, 9 Sup. Ct. 642; Credit Co. v. Arkansas Cent. Ry. Co., 128 U. S. 258, 9 Sup. Ct. 107; Texas & P. Ry. Co. v. Kirk, 111 U. S. 486, 4 Sup. Ct. 500; Cotter's Adm'r v. Railroad Co., 22 U. S. App. 372, 10 C. C. A. 35, and 61 Fed. 747. In Mussina v. Cavazos the writ of error had been destroyed before it reached the supreme court, but, "taking a copy of the writ found in the record to be a true copy," the court considered it "established that a writ of error was issued and served," and denied the motion to dismiss for want of jurisdiction. The original writ in this case has been produced, and is unobjectionable in form and substance; but, if that writ were wanting, and there were no proof of its existence or of its contents and form, the copy returned with the transcript might be regarded as the original, defective only in the lack of an impression of the seal of the court, and that defect, by force of section 1005 of the Revised Statutes, enacted since Mussina v. Cavazos was decided, may be cured by an impression of the seal of this court, from which theoretically the writ issued.

The objection that the transcript is not authenticated as a full and complete transcript, but only as "a true and correct transcript from the filing of the mandate" issued from this court on a former appeal, does not defeat the jurisdiction, which, as the cases cited show, attached upon the filing of the writ of error in the office of the clerk of the circuit court. In Redfield v. Parks there was a like objection to the authentication of the transcript, but, more than three years having elapsed before the motion to dismiss was entered, and the cause having been submitted on printed briefs on both sides on the merits, the court gave leave to the plaintiff in error to sue out a certiorari to bring up the papers omitted from the transcript. Jurisdiction cannot be conferred by agreement, and, if a proper authentication had been essential to jurisdiction in that case, it could not have been waived by filing briefs or otherwise. In this case the plaintiffs in error promptly after the filing of the transcript with the clerk of this court obtained a certiorari, in obedience to which the pleadings in the case were properly certified and transmitted, and, if there is now wanting anything relevant to the errors assigned, it is a single order, made be-

fore the first trial of the cause, showing the filing of a written waiver of the jury and a submission of the case for trial to the court. Of that order, in connection with other matters which are clearly irrelevant to the questions now presented, the plaintiffs in error have presented a properly certified copy, and ask that by direct order or by writ of certiorari it be made a part of the record. The formal writ under the circumstances is not necessary, and the clerk will cause the order as certified to be printed as a part of the record, and will also attach to the transcript the original writ of error.

While this disposes of the motion to dismiss and of the counter motions of the plaintiffs in error, we deem it proper here, besides calling attention to the remarks of the Chief Justice in Railway Co. v. Stewart, 95 U. S. 279, in respect to what should be contained in a transcript, to say that the words "all proceedings in the case," as used in the first clause of rule 14 of this court (21 C. C. A. cxv., and 78 Fed. cxv.), are to be interpreted with reference to the words "all the papers, exhibits, depositions, and other proceedings which are necessary to the hearing in this court," found in the third clause of the rule. It is not intended that irrelevant papers, proceedings, or orders shall be certified; and, that the clerk may not be left in doubt, he may well require of the counsel or attorney of the appellant or plaintiff in error in a cause a præcipe stating specifically what the transcript shall contain, and, attaching a copy of the præcipe to the transcript, certify that it is a true and correct transcript according to the præcipe. The motion to dismiss is overruled.