McCAFFERTY et al. v. CELLULOID CO.

(Circuit Court of Appeals, Second Circuit. November 14, 1898.)

APPEAL—ASSIGNMENT OF ERROR—DECREE BY STIPULATION.

Where parties stipulate that in a pending case a decree shall be rendered on filing of the certified copy of an interlocutory decree entered in another cause of the same character, and a decree is entered conformably with the stipulation, an assignment of error will not lie to it.

Appeal from the Circuit Court of the United States for the Eastern District of New York.

Bill by the Celluloid Company against Robert E. McCafferty and Morris L. Holton. co-partners under the firm name of McCafferty & Holton, for infringement of letters patent No. 542,452, dated July 9, 1895, and No. 546,360, dated September 17, 1895. The following stipulation between the counsel was filed July 30, 1896: "It is hereby stipulated and agreed by and between the solicitors for the respective parties that all of the evidence taken or to be taken, and all of the exhibits introduced or to be introduced, on behalf of the defendants, and in rebuttal on behalf of the complainant, in the suit of The Celluloid Company v. The Arlington Manufacturing Company, in equity (No. 25, September term, 1895), in the United States circuit court for the district of New Jersey, shall be considered as evidence duly taken and exhibits duly introduced in this suit, and that a copy of the same may be filed in this cause as original testimony and exhibits, and that the same shall be treated and used in all respects as if regularly taken and introduced in this cause. And it is further stipulated that, upon the filing in this cause of a certified copy of any interlocutory decree entered in the said suit of The Celluloid Company v. The Arlington Manufacturing Company, an interlocutory decree of the same kind and in the same terms may be entered herein, and have the same force and effect as an interlocutory decree would have which was entered herein, after a decision by this court on final hearing." The record in the suit against the Arlington Manufacturing Company, in which a decree had been rendered, and the exhibits introduced therein were duly filed and introduced in the suit at bar. March 3, 1898, an interlocutory decree was entered in favor of complainant, and defendants appealed. Motion to dismiss was denied May 19, 1898 (Magic Light Co. v. Economy Gas-Lamp Co., 38 C. C. A. 56, 97 Fed. 98), without opinion. Motion by appellants to restore the case to the docket. Decree affirmed.

John R. Bennett, for appellants.

J. E. Hindon Hyde, for appellee.

PER CURIAM. The motion by the appellants to restore the cause to docket has been considered, and is denied. The court adheres to the opinion, expressed upon the argument of the appeal, that there was no error in the decree of the court below; that decree having been rendered pursuant to a stipulation by the parties to the action that, upon the filing in the cause of a certified copy of an interlocutory decree entered in another cause, in which the complainant and the vendor of the defendants were parties, an interlocutory decree of the same kind and in the same terms should be entered in the present cause, and have the same force and effect as an interlocutory decree entered therein after a decision by the court. The court below having entered a decree conformably to that stipulation, the appellants cannot maintain an assignment of error. We find nothing in Railroad Co. v. Ketchum, 101 U. S. 289, 25 L. Ed. 932, inconsistent with these views. The decree appealed from is affirmed.