NORTH CHICAGO ST. RY. CO. v. BURNHAM et al.

(Circuit Court of Appeals, Seventh Circuit. June 21, 1900.)

No. 586.

1. TRIAL—JOINDER OF ISSUE—WAIVER.
   By going to trial after the filing of additional counts to plaintiff's declaration, and introducing evidence thereunder, defendant waives all right to object that issue was not joined on such counts.

2. PLEADING—AMENDMENTS—PRACTICE IN FEDERAL COURTS.
   Rev. St. Ill. c. 7, § 1, authorizing amendments to pleadings, either in form or substance, for the furtherance of justice, at any time before judgment, will not be followed by the federal courts to the extent of permitting amendments which involve the formation of new issues after verdict.

3. APPEAL—ASSIGNMENT OF ERRORS—FORM.
   Under Cir. Ct. App. Rule 11 (31 C. C. A. cxlvi., 90 Fed. cxlvi.), requiring appellant, in his assignment of errors, to set out separately and particularly each error asserted and intended to be urged, and providing that errors not so assigned will be disregarded, an assignment of error alleging that the court erred in sustaining, and in not overruling, plaintiff's demurrer "to the pleas filed by defendant to the additional counts," will not be reviewed, where the demurrer is in effect a separate demurrer to each plea, and it is not pretended that the ruling in respect to several of the pleas is wrong.

4. PLEADING—AMENDMENTS—LIMITATIONS—CAUSES OF ACTION—IDENTITY.
   Where several pleas setting up the statute of limitations are filed to different counts in an amendment to a declaration in assumpsit, on the theory that the additional counts are on causes of action not embraced in the original declaration, it should be averred in each plea that the promise alleged in the count to which the plea is addressed was not made within five years before the filing of that count; and, unless the fact is sufficiently apparent on comparison of the new count with the original declaration, it should be alleged that the undertaking alleged in the count is not the same as that originally declared upon.

5. SALES—ACTION FOR PRICE—CONTRACT—EVIDENCE.
   In an action by a manufacturer for the price of a motor made from a model under a contract that the price should be the actual cost of construction, at the regular rate charged by plaintiffs for similar work, a letter addressed by plaintiffs to defendant, saying that they had completed their accounts for the cost of the motor, that the same amounted to $5,165, and that invoice was inclosed accordingly, the receipt of which was acknowledged by defendant without questioning the correctness of the

statement of the cost of construction, is competent evidence of the price of the motor.

6. SAME—MANUFACTURED ARTICLE—DEFECTIVE CONSTRUCTION—DAMAGES.
  Under a seller's contract to build a motor from a model furnished him, without warranty that it shall be adapted to the work for which it is intended, if the motor does not conform in all respects to the model, but is accepted by the vendee, the latter can recover as damages only the cost of making the changes of construction necessary to meet the requirements of the contract.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

George A. Carpenter, for plaintiff in error.

Charles S. Holt, for defendants in error.

Before WOODS, Circuit Judge, and BUNN and ALLEN, District Judges.

WOODS, Circuit Judge. This cause was heard at the October session, 1899. The action was brought by the defendants in error, composing the firm of Burnham, Williams & Co., of Pennsylvania, to recover of the North Chicago Street-Railway Company the price of a steam tramway motor alleged to have been manufactured by the complainants for the defendants, and delivered on or about the 31st day of October, 1892. The original declaration contained a special count and common counts in assumpsit, on which issue was joined by the plea of non assumpsit. For a fuller statement, see the decisions of this court reported in Burnham v. Railway Co., 59 U. S. App. 274, 30 C. C. A. 594, 87 Fed. 168, and Id., 60 U. S. App. 225, 32 C. C. A. 64, 88 Fed. 627. A third trial of the case was had on December 14, 1898, which resulted in a verdict and judgment for the complainants for the sum of $6,175, the amount of their demand and interest, less $300. Numerous errors have been assigned, but it is insisted only that the court's charge was erroneous in respect to the measure of damages, that there was no evidence adduced tending to prove the contract price, and that the court erred in sustaining the demurrer to the pleas filed by the plaintiff in error to the additional counts of the declaration.

The pleas to which the demurrer was sustained have a peculiar and anomalous position in the record. The trial was had on December 14, 1898, and the verdict was returned on that day, but an entry made on the next day shows an order, by agreement, "that the verdict published herein on the 14th inst. be considered as sealed, opened, and read as of this date." It is said in the briefs that the additional counts of the declaration were filed after the jury was charged, but it does not so appear by the record. The first entry, of December 14th, the day of the trial, shows the filing by leave of court of "additional counts to the declaration," which are set out at large. A second and distinct entry shows the impaneling of the jury, the hearing of the evidence, a motion by each party for a peremptory instruction overruled, leave to the plaintiffs to file additional counts, objection and exception by the defendant, the retirement of the jury after instruction, the return of the verdict into open court, and the entry by the defendant for a motion for a new trial. The bill of exceptions shows that leave to file

additional counts was asked and granted during the course of the court's charge to the jury, in response to an objection by counsel for plaintiff in error that the recovery could be only for what the machine had been proved to be worth, and not, as the court had instructed, for the contract price less the cost of putting it in proper shape; but neither by the docket entry nor by the bill of exceptions does it appear that additional counts were filed in pursuance of the leave so shown to have been asked and granted. By going to trial and adducing evidence, the parties waived all right to object that issue had not been joined on the additional counts filed before the commencement of the trial. There was, in effect, an agreement to proceed as if issue had been joined by a plea of non assumpsit. The motion for a new trial was overruled on January 23, 1899, "with leave to the plaintiff to move for a rule on the defendant to plead to the amended declaration before the entry of judgment," and on the ensuing 25th the defendant was ruled to so plead within three days. On the next day the pleas were filed; the first being non assumpsit; the third, fifth, and seventh being denials of particular allegations of the several additional counts; and the second, fourth, and sixth each setting up the statute of limitations,—the essential averment being that "the defendant did not at any time within five years next before the commencement of this suit undertake or promise in manner and form," etc. The statute of Illinois (Rev. St. c. 7, § 1) authorizes "amendments in any process, pleading or proceeding," in an action, "either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment"; but that statute, if designed to go so far, will hardly be followed by the federal courts to the extent of ordering or permitting, after verdict, amendments which involve the formation of new issues. The demurrer which was sustained was addressed to the pleas, "and to each and all of them," except the first,—"to the second, fourth, and sixth," on the ground of insufficiency to bar the action, and "to the third, fifth, and seventh," on the ground "that said pleas, and each of them, are equivalent to the general issue, and are otherwise insufficient in law." It was, in effect, a separate demurrer to each plea, and the ruling thereon was, therefore, a decision in respect to each that it was insufficient, or was equivalent to a general denial; but the assignment of error, instead of challenging the ruling upon each plea, or even in respect to each of the two distinct classes of pleas, contains only the specifications that the court erred in sustaining, and in not overruling, the demurrer of the plaintiffs "to the pleas filed by the defendant to the additional counts." This is a plain failure to comply with the requirement of our rule 11 (31 C. C. A. cxlvi., 90 Fed. cxlvi.), that the assignment of error "shall specify separately and particularly each error asserted and intended to be urged." In respect to the third, fifth, and seventh pleas, it is not pretended that the ruling on the demurrer was wrong; and it follows that a specification of error cannot be good which treats the ruling as a unit, presenting one question, when technically it involves six and really two distinct questions.

It is further to be observed that the pleas which set up the statute of limitations do not present the question which, according to the briefs and the argument at the hearing, they were designed to present;

that is to say, whether the additional counts are for causes of action not embraced in the original declaration. To raise that question it should have been averred in each plea that the promise alleged in the count to which the plea was addressed was not made within five years before the filing of that count; and, unless the fact is sufficiently apparent upon comparison of the new count with the original declaration, it should also have been averred that the promise or undertaking alleged in the count is not the same as any of the promises or undertakings originally declared upon. The evidence is in the record, and shows beyond controversy that the statute had not run when the suit was brought. Without regard, however, to any question of pleading or defect in the assignment of errors, the court is of opinion, on the merits, that the additional counts presented no cause of action which was not provable under the original declaration.

There was competent evidence of the price of the motor. The contract was that the price should be the actual cost of construction, at the regular rate charged by the complainants for similar work; the total being estimated, as nearly as could be, at about $5,000. The agreed statement of facts shows a letter of November 23, 1892, from the complainants to the president of the defendant, in which they said:

"We have now completed our accounts for the cost of the motor, duplicate of the Carels Belgian motor, as per our letter of March 11, 1892; same amounting to $5,165.00. We inclose invoice accordingly, and shall be pleased to receive settlement in due course."

The receipt of that letter was acknowledged by the vice president of the company, and no question of the correctness of the statement of the cost of construction appears ever to have been made. The agreed statement of facts does not say that the invoice mentioned in the letter of November 23d was in fact inclosed, and was received by the defendant, but the inference that it was is manifestly reasonable; and even if the letter had contained no reference to an invoice, but only the statement of the entire cost according to the contract, it would have been competent evidence of the fact, in the absence of evidence of further inquiry or question about it on the part of the defendant. It is not necessary to say, and we do not say, that the letter, by reason of being undisputed or unchallenged in respect to the cost, became conclusive proof, like an account stated. It is enough for the present purpose that under the circumstances it was competent evidence upon the point.

The court instructed to the effect that if the motor did not in all respects conform to the model according to which it was to be constructed, but had been accepted by the defendant, the recovery should be for the contract price, less the cost of putting the machine in proper shape. There was no warranty by the manufacturers that the motor should be adapted to the work or be efficient; and it necessarily follows that damages for a failure to construct in strict conformity to the model should not, and in conceivable cases could not, be estimated on the basis of difference of value. As constructed, or if constructed in strict conformity to the contract, the motor might be of no substantial value, and the defendant nevertheless bound to pay the cost of construction according to the contract. On any supposi-

tion, however, it is evident that the actual damage suffered by the plaintiff in error could not exceed the cost of making the changes of construction necessary to meet the requirements of the contract, and on that basis, therefore, the measure of recoupment should be determined. Benjamin v. Hillard, 23 How. 149, 167, 16 L. Ed. 518; Railroad Co. v. Smith, 21 Wall. 255, 22 L. Ed. 513; Marsh v. McPherson, 105 U. S. 709, 26 L. Ed. 1139; Dushane v. Benedict, 120 U. S. 630, 7 Sup. Ct. 696, 30 L. Ed. 810; Manufacturing Co. v. Phelps, 130 U. S. 520, 9 Sup. Ct. 601, 32 L. Ed. 1030; Crouch v. Gutmann, 134 N. Y. 45, 31 N. E. 271; Keeler v. Herr, 157 Ill. 57, 60, 41 N. E. 750.

The judgment of the circuit court is affirmed.