<hr/>

TELLER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 30, 1901.)

No. 1.603.

1. APPEAL—TRANSCRIPT—MOVING PARTY RESPONSIBLE FOR.

The party who moves for a review of the action of the trial court is responsible to the appellate court for the insertion in the transcript returned to it by the clerk of the lower court of a copy of all the papers and proceedings necessary to the hearing, under the fourteenth rule

of the circuit courts of appeals (31 C. C. A. cxxv.; 90 Fed. cxxv.), and it is the duty of the clerk of the trial court to follow his præcipe designating the portions of the papers and proceedings to be returned.

**2. SAME—CLERK'S DUTY IN ABSENCE OF PRÆCIPE.**

Where the moving party files no præcipe it is the duty of the clerk of the trial court to see that the transcript is a true copy of the papers and proceedings necessary to a hearing in this court specified in rule 14 (31 C. C. A. cxxv.; 90 Fed. cxxv.), and it is also his duty to see that his certificate clearly shows this fact.

**3. SAME—COPY OF OPINION—CLERK'S DUTY.**

It is the duty of the clerk of the trial court to annex to and transmit with the record a copy of any opinion filed in the case relating to any of the rulings assigned as errors, pursuant to the second paragraph of rule 14 (31 C. C. A. cxxv.; 90 Fed. cxxv.), although the moving party fails to designate such opinion in the præcipe which he files for the transcript.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

Willard Teller and C. C. Dorsey, for plaintiff in error.

Timothy F. Burke, for the United States.

Before SANBORN, Circuit Judge, and LOCHREN, District Judge.

SANBORN, Circuit Judge. The plaintiff in error has interposed a motion to strike from the record the copy of the opinion of the court below upon the motion for a new trial in this case because the denial of that motion is not reviewable here, because the opinion was not specified in his præcipe designating the parts of the record to be returned to this court, and because the opinion is not properly a part of the record. The ruling of the court upon the motion for a new trial cannot, it is true, be considered in this court; but a comparison of the assignment of errors with the opinion upon that motion discloses the fact that many of the questions presented for the consideration of this court are discussed in that opinion, and that the reasons of the court below for its rulings are there stated, so that the opinion will be of material assistance in obtaining a clear understanding of these issues of law and of the manner in which they arose. The general rule is that the plaintiff in error or appellant is responsible for the condition of the record in the appellate court, and that, when he files a præcipe designating the portion of the proceedings below to be certified, the clerk of the trial court should follow his directions, and leave opposing parties to procure any omitted portions of the proceedings by a writ of certiorari or other permissible proceeding. Where no præcipe is filed the clerk should be careful that the transcript he transmits to the appellate court contains a copy of everything specified in rule 14 of this court (31 C. C. A. cxxv.; 90 Fed. cxxv.) which is necessary to the hearing, and that his certificate shows this fact. Rev. St. §§ 698, 750; rule 14 (31 C. C. A. cxxv.; 90 Fed. cxxv.); Railway Co. v. Stewart, 95 U. S. 279, 284, 24 L. Ed. 431; Pennsylvania Co. v. American Const. Co., 55 Fed. 131, 5 C. C. A. 53, 2 U. S. App. 609; Nashua

·& L. R. Corp. v. Boston & L. R. Corp.,·61 Fed. 237, 244, 9 C. C. A. 468, 475, 21 U. S. App. 50, 6ι; Burnham v.˙Railway Co., 87 Fed. 168, 30 C. C. A.·594, 59 U. S. App. 274; Redfield v. Parks, 130 U. S. 623, 625, 9 Sup. Ct. 642, 32 L. Ed. 1053; Fastener Co. v. Kraetzer, 150 U. S. 111, 118, 14 Sup. Ct. 48, 37 L. Ed. 1019. But the præcipe of the moving party neither repeals, supersedes, nor modifies the express rules of the appellate court, and the fact that counsel for the plaintiff in error in this case filed a præcipe which omitted to specify the opinion of the trial court in the case did not relieve the clerk of that court of his duty "to annex to, and transmit with the record a copy of the opinion or opinions filed in the case, and, in cases at law, a copy of the charge of the court to the jury," pursuant to the second paragraph of rule 14. Nor is the fact that he embodied this opinion in the record, instead of annexing it to and transmitting it with the record, material. His act does not make the opinion a part of the record upon which the case is to be determined (England v. Gebhardt, 112 U. S. 502, 506, 5 Sup. Ct. 287, 28 L. Ed. 811), and the copy of the opinion is as readily accessible for our information as it would have been if it had been annexed to, instead of being embodied in, the record proper. It is an opinion in the case, so that it comes within the literal terms of the rule; and, while it was rendered to state the reasons for an order which this court may not review, it discusses the rulings at the trial which are challenged here, and states the views of the trial court upon them, so that it falls within the purpose and spirit of the rule.

For these reasons, the motion to strike it from the record is denied.