In re A. L. ROBERTSHAW MFG. CO.

(District Court, E. D. Pennsylvania. February 24, 1905.)

No. 1,444.

1. APPEAL—DESIGNATION OF RECORD.

The court of bankruptcy from which an appeal is taken has no jurisdiction to designate what records shall be certified on which the appellate court shall determine the appeal.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

**2. SAME—STATUTES.**

Under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], providing that appeals, as in equity cases, may be taken in bankruptcy to the Circuit Court of Appeals, and Act March 3, 1891, c. 517, § 11, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552), providing that all provisions in force regulating the methods and systems of review through appeals or writs of error shall regulate appeals and writs of error to the Circuit Court of Appeals, on an appeal to that court in a bankruptcy proceeding, in the absence of stipulation, the whole of the record, in the strict sense of the word, must be transmitted to the appellate court, as required by Rev. St. §§ 698, 750 [U. S. Comp. St. 1901, pp. 568, 591].

**3. SAME—DESIGNATION OF RECORD—CERTIORARI.**

Where the parties to an appeal to the Circuit Court of Appeals in bankruptcy were unable to agree as to the contents of the appeal record, it was the duty of the appellant to file a præcipe with the clerk, pointing out specifically what records, in his judgment, should be certified, leaving appellee, if in his opinion the records certified are insufficient, to suggest a diminution of the record and ask for certiorari.

In Bankruptcy. Rule to Designate the Record on Appeal. See 133 Fed. 556.

Simpson & Brown and Ira Jewell Williams, for petitioner.
John Dickey, Jr., for trustee.

HOLLAND, District Judge. On May 25, 1903, a rule was granted on the trustee in this case to show cause why a certain sum of money should not be paid out of the funds in his hands as trustee of this bankrupt estate. The matter was referred to a referee, who took testimony, and reported the evidence and his findings of fact; and this court, upon final hearing, dismissed the petition, from which an appeal has been taken to the Circuit Court of Appeals in this district. Counsel for the appellant and appellee having failed to agree as to what the record should contain a petition was presented, and a rule granted to show cause why the record on appeal should not consist of certain matters.

The petition of the Imperial Woolen Company, upon which this rule was granted, sets forth such parts of the record as they regard sufficient for a full and complete understanding of the case in the appellate court, and we are of opinion that their judgment is right in this respect; but we know of no law which authorizes the court from which an appeal is taken to designate what records in the court below shall be certified upon which the appellate court shall determine the appeal. In fact the judge of the court from which the appeal is taken ought not in the least to interfere in the discretion allowed by the general terms used in the acts of Congress and rules of court in designating the record to be certified in cases of appeal, as his judgment is to be reviewed, and his opinion of the importance and relevancy of matters contained in the record might, in the estimation of counsel for one side or the other, be as faulty as it is claimed his judgment is from which an appeal is taken; and if an order of the court from which the appeal is taken could have the effect of restricting the record in all cases where such a decree had been made, there would be the possibility of a feeling upon the one side or the other that they had not secured a fair hearing on a full record.

There is no local rule in this district as to what the record should

contain in bankruptcy cases, but the bankruptcy law of July 1, 1898, § 25a, 30 Stat. 553, c. 541 [U. S. Comp. St. 1901, p. 3432], provides "that appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals of the United States," etc. The eleventh section of the act of March 3, 1891, establishing the Circuit Court of Appeals (26 Stat. 829, c. 517 [U. S. Comp. St. 1901, p. 552]), provides that "all provisions of law now in force regulating the methods and systems of review, through appeals or writs of error, shall regulate the methods and systems of appeals and writs of error provided for in this act." So that sections 698, 750, Rev. St. [U. S. Comp. St. 1901, pp. 568, 591], as to what the transcript shall contain on appeal "in causes in equity," are in full force and apply in this case; the latter of which, in the absence of stipulation, provides for the transmission of the whole of the record, in the strict sense of the word (Nashua, etc., Co. v. Boston, etc., Co., 61 Fed. 237, 9 C. C. A. 468), and the former for sending up the proofs, entries, and papers on file "necessary to a hearing of the appeal" (Nashua, etc., Co. v. Boston, etc., Co., supra).

In addition to this, the latter part of second section of the act of March 3, 1891 (26 Stat. 826, c. 517 [U. S. Comp. St. 1901, p. 547]), authorizes the Circuit Court of Appeals "to establish all rules and regulations for the conduct of the business of the court within its jurisdiction"; and, in pursuance of that authority, the Circuit Court of Appeals for this circuit, on June 16, 1891, adopted certain rules in open court, the fourteenth of which provides, among other things:

"In all cases brought to this court by * * * appeal, to review any judgment or decree, the clerk of the court by which such judgment or decree was rendered shall annex to and transmit with the record a copy of the opinion or opinions filed in the case. No case will be heard until a complete record, containing in itself, and not by reference, all the papers, exhibits, depositions, and other proceedings, which are necessary to the hearing in this court, shall be filed."

The language used in the law and rules of court in regard to the record on appeal is so general that in every case it is necessary for some one to specify what part of the record in the particular case comes within these general designations above set forth. The practice here has long prevailed of counsel agreeing, by stipulation filed, as to what the record shall contain, and in seven years there has only been found one case where there was a disagreement; but when that occurs, and it is necessary to specify the record, the best practice, which has prevailed in the local courts and in other districts, is to require the appellant to file a præcipe with the clerk, pointing out specifically what records, in his judgment, are necessary to be certified on the appeal. Nashua, etc., Co. v. Boston, etc., Co., supra; Burnham v. North Chicago Street Railway Company, 87 Fed. 168–170, 30 C. C. A. 594. If the appellee is of the opinion that these are not sufficient, he can suggest a diminution of the record, and ask for a certiorari (Nashua, etc., Co. v. Boston, etc., Co., supra, and cases there cited), and the question as to the necessity of additional matter will properly be determined by the appellate court. In our judgment it would not be a satisfactory practice in appeal cases if the court from which the appeal is taken

could in any way restrict or limit the record, and we think this view is supported by reason and authority. Railway Company v. Stewart, 95 U. S. 279, 24 L. Ed. 431; Smith v. McIntyre et al. (C. C.) 84 Fed. 721; Burnham v. North Chicago Street Railway Co., supra.

Holding this view as to the authority of this court and the practice to be adopted, we conclude that the counsel for the appellant must assume the responsibility of designating what records shall be certified by the clerk, and present to him a præcipe stating specifically which of the papers on file in the case he desires him to certify to the appellate court.

Rule dismissed.