KAW VALLEY DRAINAGE DIST. OF WYANDOTTE COUNTY et al. v. UNION PAC. R. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. May 30, 1908.)

No. 2,785.

1. EQUITY—CONSENT DECREE—PROCEEDING TO IMPEACH CONSENT.

A consent decree responsive to the bill stands so long as it remains in that form as an obstacle to a rehearing of the cause, to a bill of review, and to an appeal, but, where it recites that it was entered by consent of a party, and he denies seasonably that he consented, a bill of review is an appropriate remedy, and a decree thereon is appealable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 1075.]

**2. SAME—BILL OF REVIEW.**

   A pleading filed may be taken as a bill of review and formal defects therein disregarded where its purpose is that of a bill of review, although it is denominated a petition.

**8. APPEAL AND ERROR—RECORD—SUFFICIENCY OF TRANSCRIPT.**

   A transcript is sufficient if its contents show jurisdiction and so much of the record as is necessary for the consideration of the questions presented for determination; and the practice is for the appellate court to allow such defects to be cured and omissions to be supplied as are not fatal to its own jurisdiction.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2673–2684.]

Appeal from the Circuit Court of the United States for the District of Kansas.

On Motion to Dismiss Appeal.

L. W. Keplinger (C. W. Trickett, on the brief), for appellants.

C. F. Hutchings (O. L. Miller, I. P. Dana, S. W. Moore, and Fred H. Wood, on the brief), for appellees.

Before HOOK and ADAMS, Circuit Judges, and AMIDON, District Judge.

PER CURIAM. A decree was entered by the trial court which materially affected substantial rights claimed by appellants. It contained recitals that the parties had consented thereto. The appellants, contending they gave no consent, petitioned the court to correct the decree in that particular. From an order denying the petition this appeal was taken. The appellees now move the court, to dismiss the appeal because (1) the order is not an appealable one; and (2) the transcript filed here is not sufficient and is not properly authenticated. In support of the motion, the appellees say the petition was one for rehearing, was therefore addressed to the discretion of the trial court, and consequently under a familiar rule the denial thereof is not the subject of review. A consent decree responsive to the bill stands, so long as it remains in that form, as an obstacle to a rehearing of the cause, to a bill of review (Thompson v. Maxwell, 95 U. S. 391, 24 L. Ed. 481), and to an appeal (McCafferty v. Celluloid Co., 43 C. C. A. 540, 104 Fed. 305). Where a decree recites that it was entered by consent of a party, and he seasonably denies he consented, there must obviously be some method by which he may so challenge the action of the court in that particular and put upon the record the facts which induced it that they may be reviewed by an appellate court; otherwise a misconception of the legal significance of the conduct of a party litigant might prevent him from obtaining a judicial determination of his rights in any court, trial or appellate. A bill of review which proceeds to decree upon evidence and hearing is an appropriate remedy. In Terry v. Commercial Bank, 92 U. S. 454, 23 L. Ed. 620, it was held such a bill would lie where the solicitor of a party deserted his interests, failed to except to reports of a receiver and a master, and improperly consented to the decree; also where it was sought to set aside a decree for fraud. In Ensminger v. Powers, 108 U. S. 292, 2 Sup. Ct. 643, 27 L. Ed. 732, a decree recited that the cause was heard

on bill, answer, exhibits, agreement of counsel, and proof, and had been fully argued, and the court had duly deliberated thereon. Notwithstanding the cause was in equity, a bill of exceptions tendered by the defeated party was allowed and signed by the court, and filed as part of the record. It showed that the judge had abnegated his judicial functions, and had not considered and determined the issues in the case. It was held on bill of review that the decree was a nullity.

In the attack upon the decree in the case at bar not much attention was paid to the rules of pleading and practice in equity, but we think the petition presented to the trial court may be regarded as a bill of review. That it was called a petition does not determine its true character, and that it was informal in other respects may be disregarded in the interest of substantial justice. It was filed within the time allowed for a bill of review, was addressed to the judges of the Circuit Court, and contained a statement in ample detail of the parts of the decree objected to, with the grounds of objection, followed by a prayer for specific and general relief and a verification. The appellees, though not served with process, appeared to the petition by filing a full verified answer, in which they set forth facts upon which they claimed the consent rested, and prayed that the decree be confirmed without modification, but, if that were not done, then that the decree be wholly vacated, and the cause be left to stand upon the report of the master and the exceptions. The appellants prayed that the matters be inquired into and determined by affidavit or otherwise as to the court might seem proper; and the proof submitted by both parties was in the form of affidavits. The trial court found the facts to be as stated in appellees' answer and the supporting affidavits, independently of its personal knowledge, and denied the petition. No objection was made to the form of the pleadings or the character of the proof. In Knox v. Iron Co. (C. C.) 42 Fed. 378, a petition for rehearing was treated as a bill of review because the relief sought could only be granted upon a bill of that character. The decree which resulted was reversed on appeal (Hoffman v. Knox, 1 C. C. A. 535, 50 Fed. 484), but for other reasons.

We also think that the transcript is sufficient. The question involved is whether appellants consented to the decree, not whether it should prevail upon hearing on the merits. The transcript contains three of the original bills of complaint, the original decree reciting appellants' consent thereto, the petition attacking it, the answer to the petition, all of the proof upon the issue so made and the order of the court denying the petition, also all the papers and proceedings perfecting the appeal to this court. The provisions of the fourteenth rule of this court relating to transcripts on appeals and writs of error authorize the omission of those parts of the record not necessary to the hearing. A transcript is sufficient if its contents show jurisdiction and so much of the record as is necessary for the consideration of the questions presented for determination, and the practice is for the appellate court to allow such defects to be cured and omissions to be supplied as are not fatal to its own jurisdiction. Teller v. United States, 49 C. C. A. 263, 111 Fed. 119; Larned v. Jenkins, 48 C. C. A. 252, 109 Fed. 100; Burnham v. Railway, 30 C. C. A. 594, 87 Fed. 168;

Nashua & Lowell R. R. v. Boston & Lowell R. R., 9 C. C. A. 468, 61 Fed. 237. The authentication of the transcript is sufficient.

The motion to dismiss the appeal is denied.