JUDGE v. PULLMAN CO. et al.

(Circuit Court of Appeals, Sixth Circuit.  November 4, 1913.)

No. 2,364.

1. APPEAL AND ERROR (§ 725*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.
    An assignment of error that the court erred "in sustaining the demurrers of the respective defendants to the declaration" is sufficiently specific to comply with rule 11 of the Circuit Court of Appeals, where separate demurrers of two defendants were sustained generally by a single order of the court which did not state the grounds therefor.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3002–3005; Dec. Dig. § 725.*]

2. MASTER AND SERVANT (§ 258*)—ACTION FOR INJURY TO SERVANT—SUFFICIENCY OF DECLARATION.
    A declaration, in an action against a sleeping car company, alleging that while plaintiff was attending to her duties as an employé in charge of cleaners in a car at a station it was struck by an engine operated by a railroad company, and she was injured, does not state a cause of action; it not appearing that defendant had any knowledge of the movements of the engine, and the place being normally a safe one in which to work.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 816–836; Dec. Dig. § 258.*]

3. RAILROADS (§ 282*) — ACTION FOR INJURY TO LICENSEE — SUFFICIENCY OF DECLARATION.
    A declaration, in an action against a railroad company, alleging that defendant "carelessly, negligently, and recklessly" ran one of its switch engines against a train of cars standing at a station, in one of which plaintiff was employed, with great force and violence, throwing plaintiff down and causing her injury, and that defendant "knew that plaintiff was employed by the Pullman Company and likely to be working in and about" its cars, held to sufficiently state a cause of action.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 910–923; Dec. Dig. § 282.*]

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Action at law by Mrs. P. E. Judge against the Pullman Company and the Illinois Central Railroad Company.  From an order sustaining demurrers by each defendant, plaintiff brings error.  Affirmed as to the Pullman Company and reversed as to the railroad company.

Dan F. Elliotte and Bell, Terry & Bell, all of Memphis, Tenn., for plaintiff in error.

Jackson & McRee, of Memphis, Tenn., for defendant Pullman Company.

Albert W. Biggs and T. A. Evans, both of Memphis, Tenn. (Chas. N. Burch, of Memphis, Tenn., of counsel), for defendant Illinois Cent. Railroad Company.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge.  Mrs. Judge was employed by the Pullman Company as a superintendent of car cleaners, at the Illinois Cen-

·tral Station, in Memphis. As she was entering a Pullman car, one of a string of cars standing upon a track, they were struck by an Illinois Central engine backing into them, and she was thrown down and hurt. She brought an action against both companies. Each separately demurred, upon specific grounds and general grounds. The court, by one order, reciting that the case came on to be heard "on the demurrer of the defendants," ordered "that said demurrer be, and the same is hereby, sustained." The simultaneously filed memorandum does not allege the reasons for the result, excepting that the district judge does not think that the declaration states a cause of action against either of the defendants. Mrs. Judge prosecutes this writ of error, and her sole assignment of error is that the court erred "in sustaining the demurrer of the respective defendants herein to the declaration, and in dismissing her suit."

[1] 1. It is first urged that this assignment of error is insufficient under rule 11, and we are cited to cases more or less analogous. Under the situation existing here, however, it is difficult to see how the plaintiff in error could have been more specific, excepting by directing a separate assignment to the sustaining of the demurrer of the Pullman Company and a separate assignment to the sustaining of the demurrer of the railroad company; and that is the effect of the words here used. The demurrer was sustained. Neither from the order nor from the opinion could plaintiff in error learn the ground of action. She cannot say it was error to sustain (e. g.) the second or the fourth point in the demurrer of the Pullman Company, because the record does not show that this had been done. If the demurrer was good upon any one of the grounds specified therein, the action of the court was right. Such an assignment of error as this is necessarily an assertion that each of the grounds of demurrer is insufficient, and we think it satisfies the rule. Obviously, the situation is different from that where a demurrer has been overruled (as in Anniston v. Trust Co. [C. C. A. 6] 85 Fed. 856, 29 C. C. A. 457), or exceptions (as in Locomotive v. Trust Co. [C. C. A. 6] 108 Fed. 5, 47 C. C. A. 147). In such a case the demurrant or exceptant knows that each of his points has been overruled, and he knows which ones he wishes to rely upon in the appellate court. He has opportunity to specify. Not so with the plaintiff, where a general demurrer has been sustained. So, it differs from cases where a sustained demurrer goes to several different causes of action (as in Railway Co. v. Burnham [C. C. A. 7] 102 Fed. 669, 42 C. C. A. 584), or several distinct defenses (as in Supreme Council v. Fidelity Co. [C. C. A. 6] 63 Fed. 48, 11 C. C. A. 96).

[2] 2. We agree with the district judge that the declaration states no case against the Pullman Company. That company had nothing to do with the transportation or moving of the cars or the operation of the engine. See Calhoun v. Pullman Co. (C. C. A. 6) 159 Fed. 387, 389, 86 C. C. A. 387, 16 L. R. A. (N. S.) 575. No negligence is alleged against it, except that it did not give plaintiff a safe place to work, in that it did not warn her of the coming crash. There can be no actionable negligence, without breach of a duty. The Pullman Company had no duty to warn plaintiff of danger in a normally safe place, unless it knew, or

should have known, that there was danger. There is no allegation of such knowledge, or of any facts which charged it with such knowledge, or with any duty to know the danger. It does not appear that the Pullman Company had any representative in the vicinity other than Mrs. Judge herself. Under such circumstances, it seems to us clear that no liability is stated.

[3] 3. The question as to the railroad company is different. Its alleged negligence caused the injury, and the substantial criticisms made by the railroad upon the declaration are only two. The negligence is not sufficiently alleged, it is claimed, because the declaration says that the railroad company "negligently" ran the engine into the cars, and defendant insists this is a mere statement of a conclusion; while good pleading requires a statement of the facts which constituted negligence. Conceding this, we find that the declaration says that the railroad company "carelessly, negligently and recklessly ran one of its switch engines back, upon and against the train to which said sleeping car was attached, with great force and violence, throwing [plaintiff] to the ground" and that it "negligently ran one of its engines upon and against the said car with too much violence." The only negligence which could ever be predicated upon this general situation would be the careless and reckless pushing of the engine with great force and violence and with too much violence against the cars. The essence of the wrong is the using of more force than was proper, thus making a collision instead of a coupling. We think this allegation, taken all together, was a fair statement of the facts constituting the negligence, and that the declaration was sufficient in that respect.

4. It is next said that the railroad company owed no duty to plaintiff not to couple its cars with unnecessary violence, unless it knew or should have known that she was in a place where unusual danger to her would result, and that the declaration alleges no such knowledge. This criticism, also, would be well founded, if justified by the language of the declaration; but it further says, after reciting the circumstances of the injury, that the railroad company "knew that the plaintiff was employed by the Pullman Company, and likely to be working in and about the cars of the Pullman Company." This allegation is thoroughly inartificial. It does not specially refer to this car at this particular time, and yet, in connection with the whole declaration, it cannot mean anything else. It does not say that the railroad company was familiar with the customs of the Pullman Company and its employés, and that in the exercise of due care and caution it would have known that Mrs. Judge was entering or was on this car; but this must be what it means in alleging that the railroad company did know she was "likely" to be there. We do not think it was so totally insufficient in stating the existence of a duty as to justify sustaining the demurrer. We can get little help from the decided cases on this line. Several are brought to our attention where declarations have been held bad for, perhaps, no greater weakness than was here present; but, after all, the essential thing is that sufficient facts shall be stated so that the existence of the duty and the breach may fairly be inferred, and so that the defendant may know what it has to meet. See cases cited in Cyc.

vol. 29, pp. 565, B, 570, II; Whitten v. Nevada Co. (C. C.) 132 Fed. 782. Judged by this standard, we think this declaration is sufficient.

The judgment below will be affirmed as to the Pullman Company and reversed as to the railroad company. Plaintiff in error will recover her costs against the railroad company, and the Pullman Company its costs against the plaintiff.