JOHN ROGERS v. JOHN H. ROGERS.

Where a claim has been interposed in a former action, by way of set off, and has been duly passed upon in such action, it is *res adjudicata*, and the former action is a bar to a new action by the defendant against the plaintiff in the former suit.

Husband and wife cannot be examined either for or against each other, except in cases where they are parties to the suit.

The facts in the case are sufficiently stated in the opinion of the Court.

By THE COURT—HILTON, J.—This judgment must be reversed, for two reasons. 1st. The defendant fully established his defence of prior adjudication; and 2d. The Justice erred in permitting the wife of the plaintiff to be examined as a witness upon the trial.

It was conclusively shown that the claim here sued on was interposed by way of set off, in defence to a former action

Rogers v. Rogers.

brought before the same Justice between the same parties, except that they occupied the opposite position of plaintiff and defendant, and in which the Justice gave judgment for the defendant here, but the plaintiff in that action, rejecting and disallowing the set-off.

The reason for the rejection does not appear either in the return in that case nor in this, but appellant's counsel suggests, that it was because the bill appeared to be on its face due and owing to the plaintiff in this action, as " agent ;" but however this may have been, it cannot be regarded by us on appeal. The evidence in the former case showed that the set off was actually due to the party as principal, and the only ground for its disallowance then would seem from the return to be, that the Justice gave greater credit to the testimony of the plaintiff in that suit, in opposition to the claim by way of set off, than he did to that of the defendant in support of it.

But apart from this, a fatal objection to the judgment consists in the admission of the wife of the plaintiff as a witness upon the trial. The law has not changed the former rule which prevented a husband or wife being examined as a witness, either for or against each other, except in cases where they are parties to the suit. *Barton* v. *Gledhill*, 12 Abbott, 246 ; *Hasbrouck* v. *Vandervoort*, 5 Seld. 153. This rule was not founded upon the ground of a pecuniary interest in the event of the suit, and therefore is not obviated by sec. 398 of the Code, which declares that no person offered as a witness shall be excluded by reason of his interest in the event of the action, but rests upon the nature of the marriage relation and the disabilities it imposes, and owes its origin to principles of public policy. Here the wife was not a party to the suit, and therefore was not a competent witness, either for or against her husband, and should have been excluded. Code, sec. 399.

Judgment reversed.