PATTING v. SPRING VALLEY COAL CO.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1900.)

No. 619.

1. APPEAL—MATTERS REVIEWABLE—NECESSITY OF EXCEPTIONS.
    Under the Illinois practice a ruling on a motion to vacate a judgment and verdict is reviewable, although not excepted to.

2. SAME.
    Error cannot be predicated of an opinion or reason given by the court for a ruling, but must be of the ruling itself.

3. DISMISSAL—FAILURE OF PLAINTIFF TO APPEAR—PRACTICE IN FEDERAL COURTS.
    Where the plaintiff fails to appear by himself or counsel at the time set for the trial of his action, the proper practice in the federal courts is to dismiss the action for want of prosecution, and it is error in such case to impanel a jury, direct a verdict, and enter a judgment thereon for defendant on the merits.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This is an action for personal injury, alleged to have been caused by the negligence of the defendant. A judgment in favor of the plaintiff was reversed by this court. Coal Co. v. Patting, 58 U. S. App. 575, 30 C. C. A. 168, 86 Fed. 433. When the case was reached for trial again in the circuit court, the plaintiff, who is now the plaintiff in error, was absent, and, on "being called," did not appear in person or by an attorney, and thereupon, as the entry shows, the court, on motion of the defendant, impaneled a jury, directed

the return of a verdict of not guilty, and gave judgment accordingly. On a later day of the term the plaintiff moved the court to set aside and vacate the judgment and verdict. At a still later day of the term the court overruled the motion, and handed down an opinion which is reported in Patting v. Coal Co. (C. C.) 93 Fed. 98. It is assigned for error that the court erred: (1) In trying the case on its merits in the absence of the plaintiff; (2) in calling and impaneling a jury; (3) in directing a verdict of not guilty; (4) in rendering judgment of not guilty; (5) in denying the motion to set aside the verdict and judgment; (6) in holding and adjudging that, upon the failure of the plaintiff to appear when the case was called for trial, it was discretionary with the court to dismiss the action or to impanel a jury to try the case; and (7) in holding and adjudging that, upon the failure of the plaintiff to appear and prosecute the action, the court had no power to dismiss the action for want of prosecution.

D. J. Springer, for plaintiff in error.

Henry S. Robbins, for defendant in error.

Before WOODS, Circuit Judge, and BUNN and ALLEN, District Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

There is no bill of exceptions in the record. It seems that none was necessary. The plaintiff, being absent and unrepresented, could not have excepted to the impaneling of the jury, directing a verdict, and entering judgment on the merits; and the ruling upon the motion to vacate the judgment and verdict, involving no different question, seems to be reviewable, under the Illinois practice, though not excepted to. Nichols v. People, 40 Ill. 395; Wiggins Ferry Co. v. People, 101 Ill. 446; Baker v. People, 105 Ill. 452. The sixth and seventh specifications of error have no foundation outside of the opinion of the court, and it has been repeatedly declared by this court that error cannot be predicated of an opinion or reason given by the court for a ruling, but must be of the ruling itself. Caverly's Adm'r v. Deere & Co., 24 U. S. App. 617, 13 C. C. A. 452, 66 Fed. 305; Russell v. Kern, 34 U. S. App. 90, 16 C. C. A. 154, 69 Fed. 94; Deposit Co. v. Burke, 60 U. S. App. 253, 32 C. C. A. 67, 88 Fed. 630. See, also, Association v. Curtis' Adm'r, 56 U. S. App. 586, 29 C. C. A. 354, 85 Fed. 586. Assuming that under the other specifications of error the question is properly before us, we are of the opinion that the court erred in taking a verdict and giving judgment on the merits. The plaintiff not appearing, and there being no reason for delay or indulgence, the proper course was to dismiss the action for want of prosecution. The authorities cited for that course are numerous and consistent, and we know of no decision or practice to the contrary. The reasons urged upon us for declaring a different practice, even if the question were a new one, are not convincing. In the cases cited below to the proposition that in the federal courts "peremptory or involuntary nonsuits cannot be allowed" the plaintiffs were present and insisting upon the right of trial. The decisions, therefore, have no relevancy to the present question. The same is true of the case of Oscanyan v. Arms Co., 103 U. S. 261, 26 L. Ed. 539, where, upon the statement of counsel for the plaintiff of what proof it was proposed to offer, the court

directed a verdict for the defendant. In Hodgson v. Forster, 1 Barn. & C. 110, the application to set aside such a verdict was refused unless the plaintiff would "consent to a nonsuit being entered," but that doubtless was upon the theory that the plaintiff should not be allowed to have his case reinstated upon the docket of the court, and so be able to prosecute it to final judgment as if he had not made default. The nonsuit to which he was required to consent was the same in form, and presumably in effect, as that which ought first to have been entered. It was not for the court below, nor is it for this court, to consider whether, if, instead of the judgment on the merits, there had been a nonsuit or dismissal for failure to prosecute, the plaintiff could bring another action notwithstanding the running of the statute of limitations. While that is an important consideration for the parties, and explains their motives for contesting the point, it affords no aid to a right decision of the question, and certainly was no justification for compelling the plaintiff, in order to obtain a correction of the judgment entered, to consent to another form of judgment which would be equally conclusive of his rights. Following what seems to us the clear significance of what was done in Hodgson v. Forster, the circuit court, without asking the consent of the plaintiff in error, might well have sustained the motion to set aside the judgment and verdict, and then have proceeded to enter instead thereof a judgment in præsenti, or nunc pro tunc, dismissing the action for want of prosecution. To require of the plaintiff consent to a dismissal as if upon his own motion was to repeat and make irremediable the error first committed. The judgment below is reversed, and the cause remanded with instruction to enter a judgment setting aside the original judgment and verdict, leaving standing the recital of "the plaintiff failing to appear when called, either in person or by attorney," and dismissing the action for want of prosecution.

Judge ALLEN sat at the hearing, but took no part in the decision of this case.