ALBANY PERFORATED WRAPPING-PAPER CO. v. JOHN HOBERG CO.

(Circuit Court of Appeals, Seventh Circuit.   June 7, 1901.)

No. 761.

1. APPEAL—OBJECTIONS NOT RAISED BELOW.
     Where a bill to restrain an alleged infringement of a trade-mark was based on the theory of the fraudulent use of certain trade-names, and was dismissed for want of equity, it cannot be alleged on appeal that a case was made out of a fraudulent and unfair competition in trade.

2. ASSIGNMENTS OF ERROR—SUFFICIENCY.
     Where an assignment of error, on dismissal of a bill to restrain infringement of a trade-mark, alleges unfair use of the words "Pacific" and "Factory," it is a violation of rules of court 11 and 24, providing that an assignment of errors should specify separately each error asserted.

3. SAME—SPECIFICATION OF ERRORS.
     An assignment of error alleging as error the dismissal of a bill is objectionable as failing to specify each error separately, in that the ruling involved as many questions as there were separate causes of action stated.

4. SAME.
     Specifications of error to the effect that the court erred in holding as stated cannot be considered where there is nothing in the record outside of the opinion of the court to show that the court so held and adjudged.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

George A. Carpenter, for appellant.

L. C. Wheeler, for appellee.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

PER CURIAM. This suit was brought by the Albany Perforated Wrapping-Paper Company to obtain an injunction against the John Hoberg Company forbidding infringement of alleged trade-mark rights. The bill asserts thirteen distinct causes of action, separately stated and numbered, each charging the fraudulent use of one of the following words or names alleged to have been adopted and used by the appellant as trade-marks upon its manufactures of toilet paper: "Sunflower," "Beverwyck," "Club," "Clover Leaf," "Pacific," "Diamond," "Hotel," "Factory," "Standard," "Economy," "Victor," "Cabinet," and "A No. 1." Only the following, however, are now insisted upon: "Sunflower," "Beverwyck," "Club," "Clover Leaf," "Hotel," "Factory," "Economy," "Cabinet." The conclusion of the circuit court—Judge Jenkins presiding—was that the various names shown to have been employed were intended to distinguish the different sizes, shapes, and qualities of paper manufactured, and not to indicate origin (102 Fed. 157), and accordingly the bill was dismissed for want of equity. That conclusion, in the opinion of this court, was justified by the evidence. Practically conceding that the use of the words, as trade-marks strictly was not established, counsel for the appellant insist that a case was made out of fraudulent and unfair competition in trade. The bill, however, it is evident, was not drawn, and the trial below was not conducted, upon that theory. There is no hint of it in the opinion of the court, and, if insisted upon, it must have been rejected for want of adequate proof. When a trade-mark proper has been infringed, the fraudulent intent will be inferred, but that intent must be present in order to make an actionable case of unfair competition. "The deceitful representation or perfidious dealing must be made out or be clearly inferable from the circumstances." Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 11 Sup. Ct. 396, 34 L. Ed. 997. The evidence in this record does not show "an unfair and fraudulent competition against the business of the plaintiff, conducted with the intent, on the part of the defendant, to avail itself of the reputation of the plaintiff to palm off its goods as plaintiff's," but rather the contrary, since, under the circumstances, the defendant had reason to believe that the words or names in question were in common use by manufacturers, each for the purpose of designating a particular size, shape, or quality of paper.

While it has been found practicable to affirm the ruling below upon the merits, it may be worth while again to admonish the profession that there must be a substantial compliance with the requirements of our rules 11 and 24 that the assignment of errors "shall specify separately and particularly each error asserted and intended to be urged," and that "in cases brought up by appeal the specification shall state, as particularly as may be, in what the decree is alleged to be erroneous." The assignment before us contains eleven specifications. The second, third, and fourth have been waived; but the fourth was objectionable, because it includes the words "Pacific" and "Victor," and therefore involves two questions instead of one. The first and eleventh allege as error the dismissal of the bill, a ruling which necessarily involved as many questions

as there were separate causes of action stated. If the bill had been dismissed upon demurrer, there would have been an equal number of questions of pleading, and, in order to conform to the rule, it would have been necessary plainly to specify error separately upon each cause of action asserted (Railway Co. v. Burnham, 42 C. C. A. 584, 102 Fed. 669); and, the bill having been dismissed after a hearing upon the evidence, it is equally clear that the ruling involved necessarily the question whether the evidence established any one or more or all of the causes of action presented, and that there should have been a separate and distinct specification of error challenging the action of the court—the dismissal of the bill—in respect to each cause of action which it was proposed to insist had been established by proof.

The remaining specifications are each to the effect that the court erred in holding and adjudging as stated; but, outside of the opinion of the court, there is in the record nothing to show that the court so held or adjudged, and we have decided repeatedly that error may not be predicated of the court's opinion, or reasons for a ruling. Caverly v. Deere, 13 C. C. A. 452, 66 Fed. 305; Russell v. Kern, 16 C. C. A. 154, 69 Fed. 94; Deposit Co. v. Burke, 32 C. C. A. 67, 88 Fed. 630; Patting v. Coal Co., 39 C. C. A. 308, 98 Fed. 811. The decree below is affirmed.