MANITOBA FISH CO. v. BOOTH.

(Circuit Court of Appeals, Seventh Circuit.   June 26, 1901.)

No. 773.

1. APPEAL—ASSIGNMENTS AND SPECIFICATIONS OF ERROR.

The proper practice, when a demurrer is sustained or overruled to a pleading which contains more than one count or paragraph, is to treat the ruling as separate in respect to each count or paragraph, and to assign or specify error accordingly.

2. VENDOR AND PURCHASER—ACTION BY VENDOR FOR BREACH OF CONTRACT—TENDER OF PERFORMANCE BY PLAINTIFF.

A plaintiff, who contracted to sell and deliver to defendant, free of incumbrance, certain real estate and other property, which was then subject to a mortgage, cannot maintain an action for breach of the contract by defendant by refusing to pay the consideration upon an offer of performance by plaintiff, where the declaration fails to show that plaintiff was in a position to give a clear and unincumbered title to the property when the offer was made, but, on the contrary, shows that the mortgage had not been discharged, and alleges merely that plaintiff had perfected an arrangement to discharge it from the consideration to be paid by defendant, without any averment that defendant was advised of such arrangement, and refused to permit reasonable steps to be taken for its consummation.

In error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The Manitoba Fish Company, a Canadian corporation doing business in the province of Manitoba, owned freehold and leasehold premises, docks, wharves, piers, rights of way, railways, sidings, easements, railroad and other franchises, buildings, sheds, erections, stock in trade and merchandise, stores, fittings, office fixtures, furniture, plant, machinery, and other property described, and on August 18, 1898, made with William Vernon Booth a contract for the sale and transfer thereof to Booth free and clear of incumbrances, in consideration whereof Booth agreed to pay and turn over to the first-named party capital stock to the amount of $37,500, in fully paid preferred shares, and an equal amount in fully paid original shares of A. Booth & Co., an Illinois corporation, whose organization he had promoted, and whose stock, original and preferred, he owned in amounts larger than the amounts which he agreed to transfer; and, in addition, he agreed to pay for merchandise on hand, and for other specified articles on delivery, in cash, at the cost price thereof. No time or place of performance was agreed upon, but during the months of August and September, 1898, the merchandise and other property for which cash was to be paid were delivered and paid for to the amount of $14,911.19. The declaration, consisting of four counts, charged breach of the contract by Booth, in that on an offer, with readiness and ability to perform, by the plaintiff in error, he had failed and refused to accept the property which the plaintiff had agreed to sell and turn over to him, and had neglected and refused to pay and turn over to the plaintiff the stipulated stock of A. Booth & Co.   A demurrer having been filed, the plaintiff, on August 3, 1900, amended the declaration by inserting "on page 6," after words quoted, certain words, and "at the end of line 4 from the bottom of said page," after words quoted, certain allegations; and on pages 11, 17, 21, and 22, respectively, at places similarly designated, other words and averments. Thereupon the defendant again demurred, and on February 11, 1901, the plaintiff made further amendments, to be inserted on pages 6, 11, 17, and 22, respectively, "after" or "at the end of amendment heretofore inserted." Thereupon the defendant again demurred, on the ground "that the second amended declaration, and each count thereof, and the matters therein contained, are not sufficient in law," etc.   These demurrers the court sustained, and, the plaintiff refusing to amend further, gave judgment for the defendant.

The assignment of error contains six specifications, namely, that the court erred (1) in sustaining the demurrer to the original declaration; (2) in sustaining the demurrer to the declaration as first amended; (3) in sustaining the demurrer to the declaration as last amended; (4) in rendering judgment in favor of the defendant; (5) in holding that the declaration, as finally amended, did not set forth a cause of action, and in sustaining the demurrer thereto, and in rendering judgment thereon; (6) in refusing to require the defendant to plead to the declaration as amended, and in refusing to allow the plaintiff to proceed to a trial of the cause. The court below, it is conceded, was of opinion that the declaration did not show readiness and ability on the part of the plaintiff to perform the contract at the time of the alleged refusal of the defendant to perform. The averments touching the point are thus summarized or quoted in the last brief for the plaintiff in error: "That the plaintiff was at all times able, ready, and willing, in conformity with the terms and conditions of the contract, to turn over and transfer to the plaintiff the full and complete ownership of the property, free and clear of and from all liens and incumbrances whatever, including the mortgage mentioned in the declaration, and to fully complete and perform said contract in all respects on its part, and had offered to do so. Counts 1, 2, 3, 4, Rec. 5 et seq. Amendments, Rec. 20, 21, 25, et seq. That a mortgage for thirty thousand dollars resting on the property was well known to the defendant, and that the contract was made in contemplation thereof; and that the plaintiff, at the time fixed for the performance of the contract, was not only able, ready, and willing to transfer the property, and the full and complete ownership thereof, free and clear of and from any and all liens and incumbrances, in accordance with the terms of said contract, but had, in truth and in fact, entered into and effected an arrangement with the bank by which the property and plant should be released and discharged from said mortgage and pledge, and the stock so to be turned over to and received by the plaintiff accepted in lieu thereof. Amendment, Rec. 25 et seq. That by reason of the failure of the defendant to carry out and perform said contract, and pay and turn over to the plaintiff said original and preferred shares of fully paid capital stock, said mortgage or pledge was foreclosed, etc. Counts 1, 2, and 3, Rec. 8, 12, 15."

Charles S. Holt, for plaintiff in error.

Charles S. Thornton, for defendant in error.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The first and second specifications of error, if otherwise good, are not available, because, by amending any count of the declaration, the plaintiff lost all right to question a previous ruling upon demurrer thereto. If any count remained unamended, the record should have been made to show the fact, and error should have been specified separately upon the ruling thereon; or, if more than one, then upon the ruling on each severally. On the record before us it is not an easy task to locate or determine the context of the several amendments to the declaration. If counsel are willing to risk the presentation of questions of pleading upon a record so uncertain or confused, the briefs, at least, should supply the defect. The fourth, fifth, and sixth specifications are in no respect better than the third, and, if they were sufficiently definite, evidently present nothing not involved in the third specification; and that might be disregarded, because, predicated as it is of a ruling upon a demurrer to a declaration containing several counts, it embraces necessarily as many questions as counts, unless the counts, or two or more of them, are

identical; and that is not apparent. That the proper practice, when a demurrer is sustained or overruled to a pleading which contains more than one count or paragraph, is to treat the ruling as separate in respect to each count or paragraph, and to assign or specify error accordingly, see Railway Co. v. Burnham, 42 C. C. A. 584, 102 Fed. 669; Albany Perforated Wrapping-Paper Co. v. John Hoberg Co. (this session of this court) 109 Fed. 589; Norris v. Railroad Co. (this session of this court) Id. 591. Assuming the question to be properly presented, we are of opinion that the ruling upon the demurrer was right. The contract between the parties was one of "mutual, dependent, and concurrent promises, to be simultaneously performed"; and as a matter of pleading, therefore, it would have been sufficient for the plaintiff to aver a readiness or ability, and an offer on its part and a refusal of the defendant, to perform the contract. The amendments to the declaration were designed to aver such readiness, offer, and refusal, but, in view of the rule that reasonable intendments are to be taken against the pleader, it is a fair inference from the averments made that the plaintiff was never in fact ready and presently able to transfer its property to the defendant free of incumbrance when asking of the defendant a delivery of the stock which he had agreed to transfer to the plaintiff. The plaintiff's property was in Manitoba. It was under mortgage to a bank located there. Presumptively, the mortgage was registered there. The defendant resided in Illinois, and whatever offer of performance was made to him by the plaintiff it may be presumed was made in Illinois, though whether there or elsewhere is not essential. In the absence of an explicit repudiation of the contract by the defendant, or declaration of a purpose on his part not to abide by it, he could not be put in default by an offer of the plaintiff to perform, or by a refusal of such offer, unless the plaintiff was then and there ready to transfer its property free of incumbrance as stipulated; and it being averred that the contract was made in contemplation of the mortgage to the bank (meaning with a knowledge of that mortgage by both parties), it was necessary that the mortgage should have been actually discharged, and the defendant informed of the fact, or that the plaintiff should have been ready, and have informed the defendant of its readiness, then and there to deliver to the defendant a proper satisfaction piece, duly executed for record, if recording was necessary; and, if recording was not necessary, the fact should have been averred. The declaration, as amended, instead of stopping with the general averment of the plaintiff's readiness, willingness, and offer to perform (which perhaps would have been enough), proceeds to allege the existence of a mortgage, and that the plaintiff "had, in truth and in fact, entered into and effected an arrangement with the bank by which the property and plant should be released and discharged from said mortgage and pledge, and the stock so turned over to and received by the plaintiff accepted in lieu thereof." The defendant was not bound to act on that situation, which implied the surrender of his stock to the plaintiff on the faith of the alleged arrangement with the bank and of its final consummation, or that in person or by agent he should take the steps necessary to effectu-

ate the arrangement, going, if necessary, for the purpose, to Manitoba; but whether to Manitoba or across the street would be indifferent, because he was not bound to do anything to help out the plaintiff's unreadiness. The averment means that the mortgage had not already been released, and, that being so, the plaintiff was bound to show readiness to deliver, or in some proper way to effect a release concurrently with the defendant's surrender of the stipulated shares of stock. The suggestion is offered, but evidently is totally inadmissible, because inconsistent with the averment made, and with the rule that intendments are against the pleader, that the arrangement with the bank may not have been "the only means that the plaintiff had for relieving its property from incumbrance." It was not the means of removing the incumbrance that the plaintiff needed in order to enable it to demand of the defendant performance of the contract, but present ability to transfer its own property discharged of all liens; and that ability its declaration shows it did not possess. If it were averred that the plaintiff informed the defendant of its arrangement with the bank, and that the defendant refused to take or to permit reasonable steps to consummate the arrangement, the question would be essentially different. The judgment below is affirmed.