WATKINS v. AMERICAN NAT. BANK OF DENVER.

(Circuit Court of Appeals, Eighth Circuit, November 11, 1904. On Rehearing, February 10, 1905.)

No. 1,984.

1. PRACTICE—SPLITTING CAUSE OF ACTION BARS.

One who avails himself, by action or by defense to an action, of a part of an indivisible claim or cause of action, thereby estops himself from again maintaining an action or defense founded upon it. One may not split his cause of action.

2. SAME—DEFENDANT HAS OPTION TO USE FACTS CONSTITUTING DEFENSE AND AFFIRMATIVE CAUSE OF ACTION AS EITHER, BUT NOT AS BOTH.

A defendant who has a claim which constitutes a defense to the action against him and an affirmative cause of action against the plaintiff has the option to use it for defense or for attack, but he cannot do both.

If he avails himself of any part of it in defense of the action against him, he is thereby conclusively estopped from subsequently maintaining an action against the plaintiff to recover any portion of it, and he loses the excess.

3. CONTRACT TO CONVEY—DAMAGES FOR BREACH.

The measure of damages for the total breach of a covenant to convey is the value of the land which the vendor agreed to convey, whenever the purchase price has been paid, and whenever a prima facie liability of the vendee to pay it exists, which has not been released, abandoned, or adjudicated adversely, and which the vendor insists upon enforcing.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, §§ 1047–1058.]

4. VENDEE'S NOTE—BREACH OF VENDOR'S CONTRACT—DAMAGES.

Where each party has partially performed, and has accepted the benefits of partial performance by the other party, proof of the amount of damages from the breach of the vendor's contract to convey is indispensable to the defense of want of consideration of the vendee's promissory note for the purchase price, based upon such a breach, because the breach constitutes a defense to the amount of the damages from it only.

**5. ACTION—SPLITTING CAUSES.**

   The vendor sued his vendee for $6,000, balance owing upon his note for $16,000, which was a part of the consideration for a contract for the sale of a large amount of real estate. A portion of this real estate had been conveyed to the vendee pursuant to the contract. The vendee denied liability to pay the balance of his note, because the vendor had lost title to the portion of the property which it had not conveyed to him. The court found the property which had not been conveyed to be worth $25,000, and rendered a judgment for the defendant. The vendee then brought an action to recover of the vendor the difference between $25,000, the value of the property, and $6,000, the amount unpaid upon his note. *Held*, the vendee was estopped by the former suit to maintain the action. He could not thus split his cause of action.

   Hook, Circuit Judge, dissenting.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

George H. Noyes, for plaintiff in error.

T. J. O'Donnell (Sterling B. Toney and John W. Graham, Jr., on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and LOCHREN, District Judge.

SANBORN, Circuit Judge. This writ of error challenges a judgment which sustained a demurrer to a complaint which presents this case: The plaintiff, Watkins, and the predecessor in interest of the American National Bank of Denver, the defendant, were originally bound by mutual and dependent covenants, each of which was the consideration for the other; the former by promissory notes to pay $31,000 upon the conveyance to him by the latter of certain real property, and the latter by an agreement to convey the property upon the payment of the notes. Subsequently, and in the year 1896, the plaintiff had paid his note for $15,000, and then by mutual agreement he paid $10,000 upon the principal and $800 interest upon his note for $16,000. The bank conveyed to him all the property covered by the contract, except certain lots and lands described in the complaint in this action, extended the time of payment of the remaining $6,000 owing upon his note until June 24, 1897, and agreed to convey the remainder of the property upon the payment of the $6,000. The bank lost the title to this remnant of the property, so that it could not convey it. Thereupon it brought an action against Watkins in the United States Circuit Court for the Eastern District of Wisconsin upon his note to recover the $6,000. At the time this suit was brought the title of the bank to the property had been irrevocably lost, so that Watkins had a cause of action against it for all the damages that ever could arise from the breach of its covenant to convey. Anvil Min. Co. v. Humble, 153 U. S. 540, 551, 552, 14 Sup. Ct. 876, 38 L. Ed. 814; Roehm v. Horst, 178 U. S. 1, 15, 20 Sup. Ct. 780, 44 L. Ed. 953. Watkins answered the action upon his note that the agreement of the bank to convey the property was the consideration of his obligation, that the property was worth $25,000, that the bank had lost the title to it so that it could never convey it, and that he was not liable to pay

the note. These averments were denied by a reply, there was a trial of the issues thus tendered upon the merits, and a judgment in favor of Watkins for costs. He has now brought an action in the court below, based upon the same facts which he pleaded and proved in the action upon his note in Wisconsin to recover the excess of his damages from the breach of the bank's covenant, over the $6,000 which remained unpaid upon his note, to recover the difference between $25,000 and $6,000. Under the statutes of Wisconsin which governed the trial of the action upon his note, he might have secured a judgment for this $19,000 in that action upon the facts which he there pleaded and proved if he had simply denominated his pleading a counterclaim, and asked for that measure of relief. Rev. St. Wis. 1898, §§ 4262–4264, 2656.

In this state of the case, the plaintiff is met here by the familiar rules that one may not split an indivisible cause of action, and that a judgment in a prior action between the same parties which involves the same subject-matter renders res adjudicata every question which was directly or impliedly involved in the decision. His counsel seeks to escape from the effect of these principles upon two grounds: (1) That the damages which Watkins suffered from the breach of the bank's covenant were not $25,000, but only $19,000; and (2) that, if he is in error in this, he did not use the $6,000 of these damages which were requisite to defeat the action on the note as a counterclaim, but only as a defense to that action on the ground that the consideration of the note had failed.

The measure of damages for the total breach of a covenant to convey property is the value of the property which the vendor agreed to convey, in case the purchase price has been paid. Where the price has not been paid, and the claim for it is released or abandoned, the measure of damages is the difference between the value of the property and the unpaid purchase price. If Watkins had paid his note, or if the bank had sold it for value before maturity to an innocent purchaser, or if it had taken judgment against him upon it, the measure of Watkins' damages for the bank's breach of its agreement to convey would have been $25,000. If the bank had surrendered the note to him, his damages would have been the difference between the amount of that note and the $25,000 or $19,000. When, however, the bank sued him upon the note, and insisted upon his liability upon it, his damages for the breach of the bank's covenant were the value of the property it agreed to convey, or the sum of $25,000. The note was prima facie evidence of Watkins' liability to pay it, and, as long as the bank pressed that liability, and there was no agreement or adjudication that it did not exist, the damages for the breach of the covenant to convey were measured upon the basis that Watkins was bound to pay the note, that the bank was bound to convey the land, and that the damages for the breach of its obligation were the entire value of the property. Hence it was that, in the action in Wisconsin, Watkins alleged and proved that the bank's covenant to convey was the consideration of his note; that this covenant had been broken; that the value of the land which the bank was to convey, and hence the

damages from the breach of its covenant, were $25,000. These averments and proofs were indispensable to his defense, because the breach of the bank's covenant constituted a defense to the note to the amount of the damages from that breach only. If the value of the land, and hence the damages from the breach, had been $1,000 or $3,000, or any amount less than $6,000, the breach would have constituted a defense to the note pro tanto only, and the bank would have recovered the difference between the amount of the damages and the face of the note.

And here is the demonstration that the damages from the breach of the bank's covenant were $25,000, and not $19,000. The breach of that covenant was a defense to the note to the amount of the damages caused by the breach. If there had been no damages, the breach would have been no defense. If those damages had been $5,000, there would have been a recovery of $1,000 upon the note. If they had been $7,000, the action upon the note would have failed, and $1,000 of the damages would have remained unpaid. If they had been $19,000, as counsel for the vendee now claims, the action on the note would have failed, and only $13,000 of damages would have remained unpaid. It is because, and only because, the vendee's damages from the breach were $25,000, and $19,000 of them remained unpaid after applying $6,000 to the satisfaction of his note, that the plaintiff demands judgment for $19,000 in this action. He cannot escape the rule that one may not split his cause of action on the ground that his damages for the breach of the bank's covenant were but $19,000. As long as his prima facie liability upon his note existed, and the bank insisted upon enforcing it, the measure of his damages for the latter's failure to convey was the value of the property which it agreed to transfer to him, and he had an indivisible, affirmative cause of action against it for $25,000.

But counsel for the plaintiff persuasively argues that, even if the measure of damages for the breach was $25,000, this case is not violative of the rule against splitting causes of action because his client did not plead the failure of the bank to perform its covenant as a counterclaim, and did not claim any recovery on account of it in the action on the note, but interposed that breach and the damages from it in support of his defense that the consideration of his note had failed, and for that purpose only. But the same facts which constituted this defense to the note also constituted a counterclaim against the bank, upon which the vendee might have recovered in his action upon the note the judgment for $19,000 which he now seeks to obtain. If these facts had constituted matter purely defensive, it is conceded that he would have been barred from again presenting them if he had not interposed them in the action upon the note. But as they established both a defense and an affirmative cause of action, he might have reserved them, and have permitted judgment against him upon the note, and that judgment would not have estopped him from subsequently maintaining his affirmative cause of action in an independent suit for

the breach of the covenant of the bank. 1 Van Fleet on Former Adjudication, § 198; 2 Van Fleet on Former Adjudication, § 436; 1 Freeman on Judgments, §§ 277, 224; Cook v. Moseley, 13 Wend. 277; 1 Sutherland on Damages, § 187; Batterman v. Pierce (N. Y.) 3 Hill, 171, 174; Britton v. Turner, 6 N. H. 481, 495, 26 Am. Dec. 713; Barth v. Burt, 43 Barb. 628; Mimnaugh v. Partlin, 67 Mich. 391, 34 N. W. 717. In other words, when he was sued upon his note he had the option to reserve the breach of the bank's covenant for an independent action, to interpose it as a counterclaim, or to interpose it as a defense only in the action in Wisconsin. But could he interpose it as a defense, and subsequently maintain an independent action upon it? May a defendant who has a claim against the plaintiff which is available, at his option, either as a defense or as an affirmative cause of action, use it first as a defense, and then as the basis of an independent suit? This is not the first time that this question has been presented to this court. The First National Bank of Newton sued W. E. Brown upon his promissory note. He interposed a claim much in excess of the amount of his note for the waste by the bank of collateral securities. He pleaded this claim both as a defense of payment (Brown v. First National Bank, 112 Fed. 901, 904, 50 C. C. A. 602, 56 L. R. A. 876), and as a claim for a judgment over against the bank for the excess. A demurrer to his pleas for affirmative relief was sustained, and a judgment on the merits in support of his defense of payment was rendered. Thereupon he brought an action in the United States Circuit Court for the District of Kansas against the bank to recover the excess of his claim for the waste of the collaterals over the amount applied to the payment of his note. An examination of the authorities and a consideration of the reasons pertinent to the questions presented, which are adverted to in the opinion of this court, led to the conclusion that this was the true rule: "A defendant who has a claim, which constitutes a defense to the action against him, and an affirmative cause of action against the plaintiff, has the option to use it for defense or for attack, but he cannot do both. If he avails himself of any part of it in defense of the action, he is thereby conclusively estopped from subsequently maintaining an action against the plaintiff upon any portion of it, and he loses the excess"—and the dismissal of the second action by the court below was sustained. Brown v. First National Bank (C. C. A.) 132 Fed. 450. This rule is abundantly supported by authority. O'Conner v. Varney, 10 Gray, 231; Britton v. Turner, 6 N. H. 481, 495, 26 Am. Dec. 713; Batterman v. Pierce (N. Y.) 3 Hill, 171; Machine Co. v. Farmer, 27 Minn. 428, 430, 8 N. W. 141; Bolen Coal Co. v. Brick Co., 52 Kan. 747, 749, 35 Pac. 810; Bierer v. Fretz, 37 Kan. 27, 30, 14 Pac. 558; Howell v. Goodrich, 69 Ill. 556, 559; Simes v. Zane, 24 Pa. 242, 244; Lucas v. Le Compte, 42 Ill. 303, 305; Sutherland on Damages, §§ 186, 187, 189; Freeman on Judgments, §§ 277, 224; 2 Van Fleet on Former Adjudication, p. 867; Desha v. Robinson, 17 Ark. 245; Burnett v. Smith, 4 Gray, 50, 52; Sargent v. Fitzpatrick, 4 Gray, 511; Ins-

lee v. Hampton, 11 Hun, 156, 158; Wilder v. Case, 16 Wend. 583; Rogers v. Rogers, 1 Daly, 194; Rogers v. Wiggs, 12 B. Mon. 504; Henderson v. Henderson, 3 Hare (Ch.) 100, 115; I. B. & R. Ry. Co. v. Koons, 105 Ind. 507, 5 N. E. 549; Jennison Hardware Co. v. Godkin, 112 Mich. 57, 62, 70 N. W. 428; Ressequie v. Byers, 52 Wis. 650, 656, 9 N. W. 779, 38 Am. Rep. 775; Gillespie v. Torrance, 25 N. Y. 306, 311, 82 Am. Dec. 355; 22 Am. & Eng. Enc. of Law (1st Ed.) pp. 438, 439.

A reconsideration of this question and a review of the authorities have only served to strengthen the conviction that this rule is firmly established, wise, and salutary. The decisions cited in opposition to it rather evade than challenge it. They were rendered in sporadic cases, conditioned by peculiar facts, and, in so far as they are inconsistent with it, are in conflict with the general current of authority.

This rule governs the case in hand. When the bank had sued Watkins on his note, he had a single, indivisible cause of action against it for $25,000 for its breach of its covenant to convey. The facts which conditioned that cause of action also constituted a defense to the action on the note. Watkins had the option to interpose them as a defense or as a counterclaim in the action against him, or to reserve them and to subsequently maintain an independent action upon them against the bank. But he could not do both. He elected to take the benefit of them as a defense, and he recovered the full measure of the relief which he demanded on their account. He might have recovered in that action upon the same allegations and proofs which he there made the judgment which he now seeks, if he had prayed for it. He did not do so, and the judgment in the action upon the note renders the question of the relief to which he is entitled res adjudicata, and estops him from maintaining an action to recover any remainder of the damages for the breach of the bank's covenant, a part of which he used to defeat its action upon the note.

The conclusion which has been reached upon the general demurrer to the complaint renders it unnecessary to consider the question, which was also raised below, whether or not this action is barred by the statute of limitations.

The demurrer to the complaint was rightfully sustained upon the first ground, and the judgment is accordingly affirmed.

HOOK, Circuit Judge, dissents.

## On Rehearing.

SANBORN, Circuit Judge. A motion for a rehearing of this case has been made, based upon the conceded rule that where a contract to convey land and a promise to pay for it are entire, and each is the consideration for the other, and the defendant has received no benefits from the contract, it is a complete defense to an action upon either that the other has not been and cannot be completely performed. Manitoba Fish Co. v. Booth, 109 Fed. 594, 48 C. C. A. 564; Griffin v. American

Gold Min. Co., 114 Fed. 887, 52 C. C. A. 507; Bank of Columbia v. Hagner, 1 Pet. 455, 465, 7 L. Ed. 219; Telfener v. Russ, 162 U. S. 170, 175, 16 Sup. Ct. 695, 40 L. Ed. 930; Tyler v. Young, 2 Scam. (Ill.) 444, 35 Am. Dec. 116. But the complaint in this action presents no such case. It discloses the facts that the plaintiff's original contract was made on January 20, 1892, and was for the purchase of all lands, rights, and privileges pertaining to the Lake Miriam Ditch, and all reservoirs connected therewith, in addition to the specific lots and lands described in this complaint, for the sum of $35,437.22; that the plaintiff paid $4,437.22 in cash, and gave his notes for $15,000 and $16,000, respectively, for the balance of the purchase price; that prior to January 29, 1896, he had paid the note for $15,000; that on that day an agreement was made between him and the bank that he should pay to it $10,000 principal and $800 interest upon his note for $16,000, that the time of payment of the remaining $6,000 should be extended until June 24, 1897, that the bank should immediately convey to him all the property described in the contract, except the lots and lands specified in the complaint, and that the bank would convey these lands upon the payment of the $6,000 on June 24, 1897; that the plaintiff paid the $10,800; that the bank conveyed all the property covered by the contract, save that thus expressly excepted; that it lost title to this excepted property; that it then sued the plaintiff in a court in Wisconsin for the $6,000 remaining unpaid upon his note for $16,-000; that he answered that the bank could not convey the excepted property; and that the court in Wisconsin in that action, among other things, so adjudicated that this excepted property which has not been conveyed was worth $25,000; that that fact is now res adjudicata between the parties to this action.

It is conceded that if on January 29, 1896, the plaintiff had derived no benefit from his purchase, he might then have defeated a recovery upon his note for $6,000, and might have recovered back the purchase price which he had paid, if he had insisted that his contract of purchase was entire, and that the bank was entitled to none of the purchase money because it could not completely perform its agreement. When, however, he consented to a partial performance of the contract, he waived this defense. After he had accepted the conveyance of the ditch, its reservoirs, and other property, which constituted a part of the consideration for his note for $16,000, upon which $6,000 still remained unpaid, he could no longer successfully defeat an action for the collection of this balance upon the ground that the note which evidenced it was without consideration, or for the reason that the bank was unable to convey all the property described in its contract. By his acceptance and retention of a part of the property, he had estopped himself from any such defense. The only defense remaining to him was that the consideration of his notes had partially failed, and that to the extent to which it had failed he was entitled to be relieved from the payment of his obligation. If the property omitted from the bank's conveyance in 1896 was worth $1,000, and if the failure of the bank to convey it entailed damages to the plaintiff to that amount, that fact was a defense to the action upon his note to that extent, and to that extent only.

The complaint in the action before us contains an averment that the fact that this unconveyed property was worth $25,000 was so adjudicated in the action in Wisconsin that it is now res adjudicata between these parties. From this averment the inference was drawn, and the statement was made in the opinion in this case, that the plaintiff answered in the case in Wisconsin that this was the value of the excepted property and that this and other averments of that answer were denied by a reply. These facts do not otherwise appear in the complaint before us, and it is immaterial to the decision in this case in what way this issue was framed. However it may have been presented to the court in Wisconsin, the averment in the complaint in hand establishes the fact that the question of the value of this property in some way became a material issue in the action in Wisconsin, for the decision of that question could not have rendered that issue res adjudicata unless its adjudication had been necessary to the decision of that case. Its adjudication could not have been necessary to the decision in that case, unless the mere failure to convey the excepted property was not in itself a good defense to that action, unless the failure to convey it constituted a defense to the action upon the note to the extent of the value of the property which the plaintiff failed to receive only, and for that reason that value became material. The result is that, both by virtue of the general principles of the law and by virtue of the express averments of the complaint in this action, the failure of the bank to convey the excepted property was a defense to the plaintiff's note to the extent of the damages entailed upon him by such failure, to the extent of the value of the property only, and that, since the plaintiff used a part of his claim for these damages to defeat the action upon the note, he cannot now maintain an action for the remainder of his claim.

The motion for a rehearing must be denied, and it is so ordered.

HOOK, Circuit Judge, dissents.