[No. 8753.]

## VREELAND v. MURRAY.

1. ACTION—*Defenses—Failure of Consideration.* Where to an action on a promissory note defendant pleads total failure of consideration evidence of partial failure is inadmissible.

2. DAMAGES—*Evidence as to.* Where there is no evidence from which the damages claimed by defendant, in his counterclaim, can be ascertained, nothing can be allowed.

*Error to Denver District Court.* Hon. GEORGE W. ALLEN, Judge.

*Department.*

Mr. FRANK L. GRANT, for plaintiff in error.

Messrs. WHITFORD & SHATTUCK, for defendant in error.

Opinion by Mr. JUSTICE TELLER.

The plaintiff in error was plaintiff below, in an action on promissory notes.

The first defense pleaded is want of consideration, it being alleged that the defendant gave the notes for a balance due on the purchase price of an automobile which she bought of plaintiff on the representation that it was a new machine, whereas in fact it was a second-hand machine, such fact not being known to defendant when she executed the notes; that the value of the machine was not more than $2500, while the purchase price was $3500.

There were three other defenses by way of counter claims pleaded, claiming damages; one because of the taking by plaintiff of the automobile from the garage where it was stored; one because of the use of it by plaintiff, without consent of the defendant; and the other because of the appropriation and use by the plaintiff of various parts of said machine.

The replication set up an accounting on which a balance was found due to the plaintiff, to evidence which said notes were given.

The court found in favor of the defendant and judgment was entered accordingly.

It appears that the car was purchased on July 24, 1909, at the agreed price of $3,000, but nothing paid thereon at the time; July 27, 1910, plaintiff rendered to defendant a bill which included the purchase price of the car, with additions bought for it, and repairs and supplies; a total of $3,585. Defendant then conveyed to plaintiff an equity in some real estate which was taken at a valuation of $2,850. Plaintiff at that time loaned defendant $700, leaving a balance due him of $1,435. This balance was evidenced by promissory notes. The notes not having been paid, the defendant gave to the plaintiff, on December 7, 1911, a chattel mortgage on the car to secure the notes. In April, 1912, plaintiff, learning that the car was about to be sold under a judgment against the defendant, for garage charges, took possession of it and removed it to another garage. In March, 1913, it was sold under the chattel mortgage, and $750, the proceeds of the sale, was applied on the notes.

There is no evidence of damages under any one of the three counter claims, and the trial court's findings must have been made on the defense of want of consideration.

It was admitted by the plaintiff that the car had made what is known as an "endurance run" from Denver to Pueblo, but he testified that he informed defendant of the fact before the purchase. The defendant testified that she was not so informed.

Whatever may be the truth as to that, it remains that there was no evidence as to the decreased value of the car, if any, because of the admitted use. To make

the attempted defense available, there should be allegation and proof of damage.—*Watkins v. American Bank*, 134 Fed. 36-38, 67 C. C. A. 110.

The answer sets up a want of consideration, while the evidence goes only to show a consideration less than it was supposed to be.

The defense of want of consideration is not available on the trial, if the evidence shows that there was any consideration, no matter how small.—*Wheelock v. Barney*, 27 Ind. 462.

But, if that point be waived, there is in the record nothing from which it can be determined how much damage was suffered; hence it is impossible to say what amount, if anything, should be charged against the notes.

The finding against the plaintiff is not authorized by the evidence, and is error.

The judgment is therefore reversed.

*Judgment reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concur.

Decided December 4, A. D. 1916. Rehearing denied January 2nd, A. D. 1917.