FALL v. BENNETT.

(Circuit Court of Appeals, Eighth Circuit. January 24, 1918.)

No. 4942.

1. JUDGMENT ⬤⟲622(2)—CONCLUSIVENESS—MATTERS CONCLUDED.

Where, after a patient began an action for malpractice in an operation, the physician in another court sued the patient on the quantum meruit on

account of his services and recovered judgment, the patient defaulting, the default judgment is not, though rendered prior to the determination of the action for malpractice, a bar against recovery.

2. APPEAL AND ERROR ⬤⟿730(i)—ASSIGNMENT OF ERROR—PRESENTATION OF GROUNDS OF REVIEW.

An assignment of error, complaining of the refusal of a request conceded to be faulty, presents nothing for review, where there was no assignment of error on the ground that the judge failed to charge correctly concerning the subject-matter of the request refused.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Action by Harlan A. Bennett against Clifford P. Fall. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Henry H. Wilson, of Lincoln, Neb. (Sackett & Brewster, of Beatrice, Neb., and Burkett, Wilson & Brown, of Lincoln, Neb., on the brief), for plaintiff in error.

Benjamin S. Baker, of Omaha, Neb. (Baker & Ready, of Omaha, Neb., on the brief), for defendant in error.

Before CARLAND, Circuit Judge, and AMIDON, District Judge.

AMIDON, District Judge. [1] Bennett sued Fall to recover damages for malpractice in an operation for appendicitis. He recovered a verdict, and the defendant below brings error here. While the action was pending in the lower court, Fall sued Bennett, in a county court having jurisdiction up to $1,000, on quantum meruit on account of his services for performing the operation. Bennett defaulted, and judgment was rendered against him for $212.15. Fall set up that judgment as a bar to recovery in the present action. The trial court struck out the defense, and that is the principal error relied on.

The case was ably argued, both orally and in the briefs. The discussion, however, is academic, and can be justified only as the last resort of a defeated defendant. Counsel for Fall admits that the greater number of authorities are against his position, but insists that the better reasoning and the New York decisions are with him. In this case we are in favor of the greater number of authorities, because we think they embody the better reasoning. It may be we are led to this view because some of the authorities are decisions of this court and of the Supreme Court. Brown v. First National Bank of Newton, 132 Fed. 450, 66 C. C. A. 293; Watkins v. American National Bank, 134 Fed. 36, 67 C. C. A. 110; Merchants' Heat & Light Co. v. James B. Clow & Sons, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488; Virginia-Carolina Chemical Co. v. Kirven, 215 U. S. 252, 30 Sup. Ct. 78, 54 L. Ed. 179. Text-writers point out the conflict between the New York decisions and the weight of authority, and state the reasons pro and con. Bigelow on Estoppel, p. 215; 2 Black on Judgments, § 769.

[2] It was claimed that Fall's negligence resulted in what is known as an operative hernia, and it was set up in the answer that Bennett was negligent, in that he did not have a surgical operation for the correction of the hernia. It was shown that he waited for 18 months

before having such an operation, although he knew of the hernia, and he sought in his action to recover damages for the loss of employment. The defendant, Fall, formulated a request to charge on the subject of this defense, which is conceded to be faulty. The only error assigned is for failure to give the request thus presented. There is no assignment of error because the judge failed to charge correctly on the subject, so there is no merit in this assignment.

The judgment is affirmed.