## YOUNG v. BAKER, FENTRESS & CO.
### No. 5157.

Circuit Court of Appeals, Seventh Circuit.

Dec. 11, 1934.

Rehearing Denied Jan. 17, 1935.

R. M. Rieser and C. G. Mathys, both of Madison, Wis., for appellant.

Henry Fitts, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

This appeal is from a judgment dismissing a complaint upon a directed verdict in favor of appellee in an action brought by appellant to recover the sum of $25,000 alleged to be due for services rendered under an oral contract according to the terms of which appellant claimed that he was to be entitled to the compensation if he secured the reduction of the purchase price of a certain tract of timber land from $1,000,000 to $800,000. Appellee replied that compensation was to be due only in the event that the transaction was consummated, in which event, appellant was to be entitled to one-half the ensuing profits of the transaction, and that in view of the fact that the land was not sold, no profits ever accrued, hence appellant had no claim. However, upon trial, appellee chose to disregard its defense based upon the merits, and to rely solely upon the proposition of law that appellant was precluded from maintaining his action by reason of the fact that he had already used the facts upon which it was

based as a defense to an action previously brought by appellee against appellant, which action resulted in a judgment in favor of appellant. Baker, Fentress and Co. v. Young, 55 F.(2d) 53. It therefore becomes necessary, in order to decide the question here presented, to examine the facts as to the earlier litigation, and to determine just what was decided by that litigation. The transcript of record and the briefs were introduced as exhibits in the present case, hence they are now before us. Since the parties to the two actions were the same, although they occupied reversed positions, we shall for the sake of clearness, refer to them throughout this opinion as Young, and Baker Fentress.

In August, 1930, Baker Fentress filed suit against Young on a promissory note for $48,188 dated October 25, 1927, executed by the Vancouver Lumber Company, Young, and the two other owners of that corporation. To this action Young interposed three defenses:

(1) The note was given for a loan by Baker Fentress to enable the corporate maker to meet an interest payment due on certain bonds. The three individual makers signed it as sureties under an agreement that the money so loaned should be used in its entirety by Baker Fentress to purchase the interest coupons which were to be held by it for the benefit of the individual makers as security for the payment of the note. Baker Fentress agreed to make the necessary arrangements with the trustee under the first mortgage. Delivery of the note by the makers to Baker Fentress was to be conditioned upon such purchase and holding of the coupons. Instead of complying with this condition, Baker Fentress paid the coupons and cancelled them, thereby depriving Young and the other makers of their security. By this breach of the condition Young was released from any and all liability on the note.

(2) Sometime after the note matured, Young and Baker Fentress entered into an agreement whereby the latter promised to limit the liability of Young on the note to one-third, provided Young was successful in securing the reduction of the price at which a certain tract of Alabama timber land was being held by an acquaintance of his from $1,000,000 to $800,000. The price reduction was secured according to the terms of the agreement, hence Young's liability on the note, if any, should be limited to one-third.

(3) By way of abatement Young pleaded that the action was prematurely brought in that under the terms of the agreement described above, Young was to work to secure the reduction in price, paying his own expenses, if any, and in return, his liability under the note was to be reduced to one-third, and in the event that he secured the reduction, he was to be paid $25,000, less his one-third liability on the note, the difference to be paid in cash. After the reduction was secured, it was found that the purchaser was not able to pay the full purchase price in cash, hence Baker Fentress requested that Young allow an extension of time for payment of the $25,000, agreeing to extend time for the payment of the note accordingly. The negotiations were still in progress for the sale of the tract at the price secured by Young, hence Baker Fentress had no right to file the suit on the note.

It will be noted that the second and third defenses described above involved the timber transaction, used as a defense either to limit the liability or to abate the action. Young made no claim as to the balance of approximately $8,000 which supposedly would remain due under the terms of the contract as to the timber transaction. At the conclusion of the evidence, Baker Fentress moved for a directed verdict, and upon the denial of that, asked that the issues raised by the answer be submitted to the jury separately. This request was also denied, and thereafter the jury brought in a verdict in favor of Young, finding the issues for him generally, and on appeal to this court the judgment rendered in accordance with that verdict was affirmed. The result of this action was, of course, to extinguish all liability on the part of Young arising out of the $48,000 note.

Counsel for Baker Fentress stated its position in the present case as follows: "If the plaintiff had a right, or did have a claim for $25,000, it was his duty to have asserted it as a counterclaim in the first action, or not to have used it at all. But if he uses it in the first case as a defense he cannot subsequently sue in the second cause of action on that same transaction and get affirmative relief, but he is barred from using it twice. It was not necessary for him to use it in the first cause of action as a defense, that is, he was not required to."

■ There is a large body of cases which hold that a defendant who has a claim which constitutes a defense to an action against him and an affirmative cause of action against the plaintiff has the option of using it for defense or for attack, but he cannot use it for both purposes. Bucki & Son Lumber Company v. Atlantic Lumber Company (C. C. A.) 109 F. 411; Watkins v. American National Bank

(C. C. A.) 134 F. 36; Brown v. First National Bank (C. C. A.) 132 F. 450; Mitchell v. Federal Intermediate Credit Bank, 165 S. C. 457, 164 S. E. 136, 83 A. L. R. 629. For additional cases on this point see annotation to the last cited case, in 83 A. L. R. 642. Young seeks to parry the effect of these cases by showing that in fact he did not use the facts giving rise to his affirmative cause of action as a defense to the claim against him. He claims that when the jury found all the issues in his favor in the first case, it found that there was no liability under the note, for the reason that the condition of the delivery of the note had been breached, thereby extinguishing all liability under the note. His argument in effect means that, had he known that this was to be the outcome, he would not have introduced the matter of the timber transaction into the case at all, and for that reason the court in the present case should disregard the fact that it was unnecessarily injected into the first case, and permit him full recovery in the present case. He states in his brief: "If it were to be conceded that at the time of the prior trial Young was indebted to Baker, Fentress and Company under the terms of the Vancouver Lumber Company note in the sum of either $48,188.18, or even one-third thereof, and that the amount due him under the Hatton contract had been applied in whole or in part to reduce or extinguish an existing note liability, then there would be some basis for claiming that he had used the proceeds of the Hatton transaction 'as a shield and could not thereafter use it as a sword.' There would then be some basis for the application of the rule against splitting causes of action as set forth in Brown v. First National Bank (C. C. A.) 132 F. 450, 451, and Watkins v. American National Bank (C. C. A.) 134 F. 36." We cannot agree with him that those cases are to be distinguished from the one at bar.

We think the situation in this case appears to be quite similar to that in Brown v. First National Bank, supra, in so far as the matter of splitting defenses is concerned. In that case an action was brought to recover $7500 damages for the wrongful release of a judgment which Brown had pledged to the bank as collateral to secure the payment of a note for $3366. A verdict was directed in favor of the bank because Brown had already used the matter upon which his suit was based, as a defense in an action brought by the bank on the note. The court there said:

"In the action upon the note * * * Brown * * * pleaded, and introduced evidence in support of, other defenses besides that based upon the release of the pledged judgment, so that, although the record in the case before us establishes the fact that there was evidence that the jury applied a portion of Brown's claim for damages on account of that release in payment of the note, it fails to disclose what portion of that claim was thus applied. In this state of the record the charge of the court below was based upon the rule of law that one may not split his cause of action; that if, by an action or defense he avails himself of a part of a single claim or obligation, he thereby estops himself from enforcing the remainder of it; * * * *"

In the present case, also, Young set up more than one defense, so that it is impossible for us to determine upon which one the jury relied in returning its verdict. Had Young in the first action used the timber transaction merely to limit his liability on the note, leaving out all reference to the provision of their agreement that he was to receive $25,000 to be applied on the payment of his liability on the note, there might be some merit in his contention that he had not used the facts constituting his affirmative action as a defense. But he went further than this, stating in his answer: " * * * if defendant secured a reduction in the purchase price of the timber to an amount satisfactory to the plaintiff, * * * the plaintiff would pay the defendant one-half of the brokerage fees, or the sum of $25,000, less one-third of the amount due on said note, less proper credits thereon, which was to be deducted and retained by plaintiff, and the balance paid to defendant in cash, and if defendant failed to obtain a reduction in price satisfactory to plaintiff he should then pay one-third of the principal and interest due on said note, less all proper credits thereon, and upon such payment being made he should be discharged from all liability on said note." We think that by introducing these facts into the first action Young threw the entire matter of the contract before the court, and if he desired to put in a claim for the balance of the $8,000 he should have done it then, when the matter was before the court. The various defenses were somewhat inconsistent, with the first one denying any liability on the note because of breach of the condition of the delivery, and the second and third going to the amount due under it, limiting the liability to one-third, and then claiming the obligation of Baker Fentress for $25,000 which was in effect used to extinguish the liability in case any were found to exist because of the failure of the

first defense. We think the issues were inextricably intermingled, and that Young cannot now claim that, because the jury found that he owed Baker Fentress nothing, it was basing that finding on the first defense alone, leaving the matter set up in his other defenses unused, and therefore free to be used again as the basis for an affirmative action. The jury may well have based its finding on the facts of the last defense instead of the first, and concluded that it would be unjust to find him liable for the entire $48,000 claimed in the action, inasmuch as it appeared from the last defense that Baker Fentress had not only promised to limit Young's liability to one-third, but had also promised to pay him the difference between the $25,000 due to him in case he succeeded in his attempt to secure the reduction in the timber price, and the $16,000, due from him under his limited liability on the note.

It seems to us that the situation presented in this case very well illustrates the necessity for and the reasonableness of the rule invoked by Baker Fentress. Were Young allowed to succeed here, it would permit his recovering the entire amount of $25,000 alleged to be agreed upon as his compensation for services, whereas he himself set up the facts in his defense to the original action that his compensation was to be used to reduce his liability on the note, and the balance to be paid to him in cash. It appears from the record that the negotiations as to the timber transaction had been entirely completed prior to the beginning of the first action, so that the rights of the parties were fixed at that time. If Young wished to put in his claim for the balance due under their agreement, he was entitled to do so according to the provisions of the Wisconsin statutes (St. Wis. 1929, §§ 263.13 and 263.14). He had no right to split the cause of action, using it first for defense and later as the basis for an action against Baker Fentress.

Not only does Young claim in the present action that he did not split his cause of action by his pleading in the first action but he also claims that since the jury in the first action found for him as to all the issues, his right to recover the $25,000 was thereby established, and that that finding is res judicata as to that issue in the present case. We cannot agree with him as to this point. On the contrary, we think it establishes the fact that the point was in issue in the first action and therefore cannot be used again in the present action. He claims that because the first action was based on the Vancouver Lumber Company note, while the present one is based on the timber transaction, the two cases involve different issues, and that, as the successful party in the first action, he is entitled to the benefit of all facts determined by the jury without the necessity of making proof. In support of this proposition he cites United States v. Moser, 266 U. S. 236, 45 S. Ct. 66, 69 L. Ed. 262, among other cases. In that case, a party was successful in three suits brought to recover three separate installments of salary due. Upon a fourth suit, to recover another installment, based on the same facts, it was held that the Government was estopped from contesting the right of recovery which was established by the previous litigation. It is unnecessary for us to point out the distinction between the two cases.

We think that Young did set up the facts of the timber transaction for the purpose of limiting his liability in the action based on the note, whether necessarily or unnecessarily we need not determine. In thus using it as a defense to the action based on the note, he exhausted his rights under it and cannot now use it as the basis of an action to recover compensation.

Judgment affirmed.