281 So.2d 227 (1973)
George A. BUTLER, Appellant,
v.
RICHARD BERTRAM & COMPANY, a Florida Corporation, Appellee.
No. 72-1163.
District Court of Appeal of Florida, Third District.
July 31, 1973.
*228 Noriega & Bartel, Miami, for appellant.
Dixon, Dixon, Lane & Mitchell and J. James Donnellan III, Miami, for appellee.
Before BARDKULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
The controlling question on this appeal is whether an owner having defended his vessel in admiralty against a claim for repairs upon the ground that the repairs were improperly performed may after having suffered an adverse judgment in the admiralty cause then sue in the state court upon his claim that the repairs were improperly performed. The trial court held that the owner was barred by the doctrine of res judicata and entered a summary judgment upon such holding. We affirm.
In 1971, Richard Bertram & Company filed a libel in admiralty against the yacht "Nomad" in the United States District Court for the Southern District of Florida. The libel sought to recover for unpaid repairs furnished to the vessel. George A. Butler, the appellant herein, appeared as the owner and filed an answer. The answer contained the following defense:
"3. Further answering the Amended Paragraph No. 4 herein, BUTLER says that such repair, supplies, services and other necessaries as alleged to have been furnished to the vessel were either unauthorized or unaccepted by BUTLER or any of his agents, or improperly performed by Plaintiff, or covered pursuant to guaranty of same given by Plaintiff to BUTLER, and as such BUTLER is not indebted to Plaintiff."
No counterclaim was filed in the federal admiralty proceedings. The proceedings terminated with a judgment in part as follows:
"... it is now thereupon:
ORDERED AND ADJUDGED by the Court that judgment be, and the same is hereby entered in favor of the Plaintiff RICHARD BERTRAM & CO. and against the Defendant in rem, THE YACHT `Nomad', in the sum of $7,142.22, together with said Plaintiff's costs herein expended in the prosecution of said Plaintiff's claim, ...".
In March of 1972, the appellant Butler filed a complaint in the circuit court against the appellee Richard Bertram & Company. The complaint alleged negligent repairs to the yacht "Nomad". The repairs complained of were the same repairs which were the subject matter of appellee's earlier claim in the federal court. Based upon these facts, the trial court entered a summary final judgment for the appellee.
In addition to the facts set out above, the appellant relies for reversal upon Rule 13(a)(2) of the Federal Rules of Civil Procedure, as amended in 1963, which provides as follows:
"But the pleader need not state the claim if ... (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."
At this juncture, it is worthy of note that as a result of his concern regarding the legal effect of his defense in the initial federal action, the appellant attempted to reopen that federal action, but was unsuccessful *229 because no justification for the relief was shown to the federal court. Although the federal court, in its order denying relief, mentioned that "[n]o counterclaim was filed therein [the answer] or has ever been asserted in this cause", we are convinced that the trial judge correctly determined that exactly the same issue was presented before him as was previously litigated in the federal court. It is true that the issue was not litigated as a counterclaim in the federal court, but it was squarely presented as a defense. The principle of res judicata applies as strongly to an issue raised as a defense as it does to an issue raised by a counterclaim. Cf. Young v. Baker, Fentress & Co., 74 F.2d 422 (7th Cir.1934). There must be an end to litigation and piecemeal litigation should not be allowed. Although neither party has been able to present us with a direct precedent on the point involved, we think that the general principle of res judicata requires an affirmance of the trial court's summary judgment. Cf. Simon v. The M/V Hialeah, 431 F.2d 867 (5th Cir.1970); Mosher v. Tate, 182 F.2d 475 (9th Cir.1950).
Affirmed.